MICHAEL GOREY ET AL. V. CATHERINE KELLY ET AL.

FILED MAY 8, 1902.   No. 10,777.

Commissioner's opinion, Department No. 1.

1. **Liquor-Seller: CIVIL DAMAGES: LOSS OF SUPPORT: INSTRUCTION: CONTINUITY OF INTOXICATION.** Instruction that plaintiffs in action against liquor sellers are entitled to compensation for loss of support caused by the husband and father's intoxication from all who sold or gave him the liquor causing such intoxication, *held* not to assume improperly any continuity of such intoxication.

2. **Meaning of "Support," as Used in Statute.** Instruction that "support" in the statute as to intoxicating liquors does not mean the bare necessaries of life, but such means as would enable plaintiffs to live in a "style and condition and with a degree of comfort suitable and becoming to their stations in life," *held* proper.

3. **Instruction.** Instruction that the furnisher of any part of liquor causing the loss of support is liable to the full extent of the loss, approved.

4. **Evidence.** Evidence examined and *held* sufficient to uphold verdict for plaintiffs for $400.

ERROR from the district court for Dodge county.   Tried below before MARSHALL, J.   *Affirmed.*

*F. Dolezal,* for plaintiffs in error.

*Enos F. Gray* and *Vesta Gray, contra.*

DAY, C.

Catherine Kelly and her minor children brought this action in the district court for Dodge county against Michael Gorey et al. to recover damages to their means of support in consequence of the defendants having sold intoxicating liquors to Martin Kelly, the husband of said Catherine, and the father of said minors.   The period during which the plaintiffs allege they were deprived of support by reason of the intoxication of the husband and father, was from April 15, 1893, to March 24, 1897.   The

answer of the defendants was a general denial. There was a verdict and judgment for $400 in favor of the plaintiffs, to review which the defendants have brought the case to this court by proceedings in error.

It appears that the defendants during the period above named were conducting the "Mike Gorey" saloon in North Bend, Nebraska. The first two years of this period the license for the saloon was in the name of Michael Gorey, the third year in the name of Michael Chapman and the fourth year in the name of James Gorey. The other two defendants, John and Patrick Gorey, were not licensees, but they were at all times hereinbefore referred to at that saloon habitually making sales and assisting in running it, and at short intervals during the entire period all of the defendants indiscriminately sold intoxicating liquors to the said Martin Kelly. It also appears that during the entire period, Martin Kelly was very frequently at the saloon, drinking, and that he there obtained bottles of whiskey which he took to his home and drank. Some of the witnesses swear that he was at the saloon three times a week buying and drinking intoxicating liquors. While it appears that he obtained some liquors elsewhere, it was shown that most of his liquor was procured at that saloon.

There is no dispute in the evidence that on October 14, 1891, Catherine Kelly was married to Martin Kelly, and that the minor children named as plaintiffs are the fruits of said marriage and that the said Catherine Kelly since her marriage, and the said minor children since their birth, have been dependent upon the husband and father for their means of support, and that they together constitute one family. The evidence also shows that prior and up to April 15, 1893, Martin Kelly was an industrious man of twenty-six years of age, engaged in farming, comfortably fixed to support his family, and was earning and furnishing to their support about $400 a year, and, in addition thereto, accumulating some property; that during the years complained of he became addicted to the habitual use of intoxicating liquors, and was drunk or sick from

the effects of his excessive drinking more than half of the time, and was wholly unfit, by reason of his intoxication, to perform any labor; that he became dissolute, idle and improvident, neglected his farm and business, and during the entire period of four years contributed to the support of his family but $400; that Mrs. Kelly had been compelled to provide for her own wants and for her children, and that she supported herself and children by her individual labor. It was also shown that $400 a year was reasonably necessary to support the plaintiffs.

One of the errors assigned relates to the giving of instruction No. 6, which is as follows: "6. You are instructed that as the wife and children of the said Martin Kelly the plaintiffs are legally entitled to support from him and that under the laws of this state, if by reason of intoxication or intemperance in the use of intoxicating liquor on the part of the said Martin Kelly the plaintiffs have been injured in their means of support to the extent of such injury, to be ascertained from the evidence they are entitled to compensation in damages from the person or persons who sold or gave to him the intoxicating liquors which in whole or in part caused such intoxication or caused or fostered such intemperance." The criticism is made that this instruction assumes that the disqualification was continuous. This contention is not, in our opinion, supported by a fair construction of the language used by the court. The instruction is clearly within the rule announced by the repeated decisions of this court. In *Elshire v. Schuyler,* 15 Nebr., 561, this court held that the statute regulating the traffic in intoxicating liquors in effect declares the act of producing intoxication a wrong, and makes every one who has contributed to it by furnishing intoxicating liquors a wrongdoer, and liable. In that case it was also held that where, by reason of intoxication, a husband is rendered incapable of providing for his family, the wife may recover against the person furnishing the liquors for the loss of means of support during such intoxication. In *Jones v. Bates,* 26 Nebr., 693, it was held

that a married woman and her minor children, constituting one family, might join in an action for the loss of means of support caused by the intoxication of the husband and father against those who furnished him intoxicating liquors, and that all persons who furnished intoxicating liquors which contributed to the intoxication may be joined as defendants. In *Wardell v. McConnell,* 23 Nebr., 152, it was held that, where intoxicating liquors were sold to one who is disqualified to earn a support for his family by reason of his intoxication, the liability attaches and continues throughout the period of such disqualification, whether the same terminates during the license year or continues for a longer time, and that there could be no apportionment of the damages among the different defendants. *Uldrich v. Gilmore,* 35 Nebr., 288; *Warrick v. Rounds,* 17 Nebr., 411.

It is urged that instruction No. 7 given by the court was prejudicial. The instruction, in so far as it is complained of, is, in substance, that the term "means of support," as used in the instructions, is not confined to the bare necessities of life, but includes all such means of support as would enable the plaintiffs to live in a "style and condition and with a degree of comfort suitable and becoming their stations in life," etc. The use of the term "style" is criticised as being a matter purely of individual taste. In *Warrick v. Rounds,* 17 Nebr., 411, it is said that "the right of support is not necessarily limited to the bare necessaries of life. The condition of the family is proper to be considered by the jury." The word "style" means mode or manner. We are unable to see how the use of the word "style" in the instruction could have worked to the defendants' prejudice.

It is also urged that instruction No. 8 is prejudicial to the defendants. This instruction is as follows: "8. In determining the amount of such damages you are at liberty to consider the habits, health and estate of said Martin Kelly on and prior to April 15, 1893, the profits of his labor or occupation, the income from his property, if any, and

the condition of his said family at such time so far as such facts may appear from the evidence given in the case." An instruction in almost the identical language was approved by this court in *Jones v. Bates*, 26 Nebr., 693.

Objection is also urged to instruction No. 9. By it the court instructed the jury that in actions of this character the injured party may sue any or all the persons who have furnished the intoxicating liquors, or any part of them, which caused, or in any degree contributed to, the intoxication from which the injury resulted, and may recover, if the testimony warrants it, from any one or more of the persons who furnished such liquor, or any part of it, the whole of the damages to their means of support resulting from such intoxication. This instruction is in strict accord with the former holdings of this court. *Wardell v. McConnell*, 23 Nebr., 152; *Chmelir v. Sawyer*, 42 Nebr., 362.

. From an examination of the instructions given by the court and those refused which were requested by the defendants, we are satisfied that the instructions as applied to the facts established fully and fairly stated the law as announced by the decisions of this court.

We have examined the testimony, and are clearly of the opinion that it is ample to sustain the judgment. There is no material error in the record, and we therefore recommend that the judgment be affirmed.

HASTINGS and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.