## MATILDA KOSKI v. MARY PAKKALA and Another.[1]

May 23, 1913.

Nos. 18,004—(152).

License to sell liquor — statutory bond.

1. The liquor dealers' bond, executed under the provisions of section 1524, R. L. 1905, and acts amendatory thereof, was intended by the legislature as security for an observance of and compliance with the liquor laws of the state, and for the benefit and protection of all persons injured or damaged in consequence of an unlawful sale of liquor by the licensee.

Action by person injured.

2. Though the bond is executed to the state, injured persons may prosecute an action thereon in their own name for damages suffered by them for a violation thereof.

Action is upon breach of contract.

3. The bond constitutes a contract between the licensee and his surety on the one hand, and the state and all persons injured in consequence of a violation thereof on the other; and though a breach thereof, by an unlawful sale of liquor by the licensee, necessarily constitutes a tort, the action for damages resulting from such sale is upon the contract, and not for the tort; the tort is but evidence of the breach of the contract.

Action after death of licensee.

4. The cause of action for such breach of contract survives the death of the licensee and the action may be prosecuted against his estate.

Action in the district court for St. Louis county by the widow of Jonas Koski against Mary Pakkala, as administratrix of the estate

[1] Reported in 141 N. W. 793.

of Axel Pakkala, deceased, and the Bankers Surety Company of Cleveland, Ohio, to recover $2,000. Defendants demurred separately to the amended complaint. From an order overruling the demurrers, Dancer, J., defendants appealed. Affirmed.

*O. J. Larson, John Saari* and *Spencer & Marshall,* for appellants.

*R. J. Montague,* for respondent.

BROWN, C. J.

The complaint alleges, in substance, the following facts: Defendant's intestate, Axel Pakkala, was a licensed saloon keeper in the city of Virginia, this state. Preceding the issuance of his license, and in compliance with the requirements of the statutes in such cases provided, Pakkala, as principal, and defendant, Bankers Surety Company, a corporation, as surety, duly executed and caused to be filed in the office of the city clerk the saloon bond required by section 1524, R. L. 1905, as amended by chapter 246, p. 379, Laws 1905, and it was accepted and approved by the proper city authorities. The license so issued covered the period from September 3, 1911, to September 3, 1912. During the night of December 23, and until about four o'clock in the morning of December 24, 1911, Pakkala kept his saloon and place of business open and therein sold intoxicating liquor to numerous persons there present, including one Drexler, to such an extent that said Drexler became badly intoxicated and at about four o'clock in the morning of said December 24, Drexler, in a "drunken, crazed condition, caused by the intoxicating liquor" furnished him by said Pakkala, drew a revolver from his pocket and commenced shooting the same indiscriminately about the saloon, and thus shot and killed one Jonas Koski, the husband of plaintiff.

The complaint further alleges that Drexler was an intemperate person, and that the sale of the liquor to him by Pakkala, as already stated, was a violation of law, and a breach of the conditions of the saloon bond; that such violation of the law was the cause of Drexler's intoxication, the cause of the indiscriminate shooting of his revolver, and the direct and proximate cause of the death of plaintiff's husband. A copy of the saloon bond was attached to and made a part of the complaint. Subsequent to the death of plaintiff's said hus-

band, Pakkala died, and defendant Mary Pakkala was duly commissioned administratrix of his estate. Plaintiff claims that, by the wrongful death of her husband, she has been injured in the means of her support, and she demands judgment against both defendants for the sum of $2,000, the penalty of the saloon bond. Leave to sue upon the bond was obtained.

Defendants interposed separate general demurrers to the complaint, and joined in an appeal from an order overruling the same. We are of opinion and so hold, that the complaint states a cause of action against both defendants and that the demurrers were properly overruled.

1. The pertinent statutes in force at the time the license in question was granted are chapter 246, p. 379, Laws 1905, and chapter 175, p. 221, Laws 1911. The former provides for and requires the execution of a bond by the licensee conditioned for the faithful observance of and compliance with all laws regulating the sale of intoxicating liquors. And, further, that:

"The surety or sureties on any such bond shall be liable for any damage or injury caused by or resulting from the violation of any of the conditions thereof, in any and all cases where the principal upon such bond may be liable. The amount specified in such bond is declared to be a penalty, the amount recoverable to be measured by the actual damages."

The act of 1911 provides:

"Every husband, wife, child, parent, guardian, employer, or other person, who shall be injured in person or property, or means of support, by any intoxicated person, or by the intoxication of any person, shall have a right of action in his or her own name, against any person who shall by illegally selling, bartering, or giving intoxicating liquors have caused the intoxication of such person, for all damages sustained.  *  *  *"

1. The defendants contend that plaintiff's action sounds in tort, and since the tort-feasor, Pakkala, is dead, the cause of action died with him, and that the action cannot be maintained against his personal representative; and, further, that since his estate is not liable, no liability exists against the surety, for the reason that, by the ex-

press language of the statute, the surety is liable for the violation of the bond only in cases where the licensee or principal is liable. We do not concur in either contention.

The saloon bond is required for the purpose of indemnity to those who are injured in consequence of unlawful sales of liquors by the licensee. It constitutes a contract on the part of the licensee and surety that unlawful sales will not be made, and a violation thereof inures to the benefit of injured third persons. Though the act of the person who caused the death of plaintiff's intestate in the case at bar was a tort, a crime, the act of Pakkala, the saloonkeeper, in causing him, by the unlawful sale of liquor to him, to become intoxicated, thus bringing about a condition on his part which caused the commission of his wrongful act, was a violation of the bond, a breach of the contract; and herein is the basis and foundation of plaintiff's action. The action is not for the injury to her husband, which the unlawful sale brought about, but for an act, whether in itself a tort or not, amounting to a breach of the covenants of the bond, and which resulted in an injury to her, by depriving her of her means of support. Since, therefore, the wrongful act of Pakkala was a breach of the contract, and an injury to plaintiff distinct from the injury to her husband, a cause of action arising therefrom survived and the action may be prosecuted against the representative of Pakkala's estate, precisely as for the breach of any other contract. State v. Soale, 36 Ind. App. 73, 74 N. E. 1111; Cullinan v. Burkard, 93 App. Div. 31, 86 N. Y. Supp. 1003; American v. State, 46 Ind. App. 126, 91 N. E. 624; Garrigan v. Thompson, 17 S. D. 132, 95 N. W. 294. The wrongful acts of Pakkala and Drexler do not constitute the foundation of the action, but serve only to prove and establish the breach of the covenants of the bond.

2. It is also claimed that no action upon a liquor dealer's bond can be maintained by a private party; that the bond, under express requirement of law, is executed to the state, and that the state alone may sue thereon. It is true that the bond is executed to the state, and that it contains no language, construing the bond without reference to statutory provisions on the subject, justifying the conclusion that the rights of individuals were intended to be protected there-

by. But construing the bond in connection with the provisions of the statutes above quoted, which enter into and form a part of the bond, the right of private action for injuries sustained in consequence of a breach of the bond seems clear. The right of private suit upon such bonds was expressly recognized in State v. Larson, 83 Minn. 124, 86 N. W. 3, 54 L.R.A. 487, though it was there held that the penalty of the bond could not be recovered by the state for a violation of the liquor statutes. The statutes in force when that decision was rendered were materially changed by chapter 246, p. 379, Laws 1905, and the rights of private persons for a violation of the bond more specifically stated and defined.

Nor is it necessary, as a condition to the right of private suit on the bond, that the action be preceded by the conviction of the licensee.

The remark found in the opinion in the Larson case, supra, which seems to take the view that such conviction is essential to the right of recovery, was not necessary to a decision of that case, and was not intended as a definite declaration of the law on the subject. The provisions of the statute quoted to the effect that the surety on the bond "shall be liable for any damage or injury caused by or resulting from the violation of any of the conditions thereof, *in any and all cases*" where the principal would be liable, in connection with the provisions of the act of 1911, above referred to, make it clear that the legislature intended the bond to stand as indemnity for private persons, as well as for the benefit of the state. We so hold.

This covers all that is necessary to be said, and results in an affirmance of the order appealed from.

Order affirmed.