JOSEPHA WUNSEWICH v. EDWARD OLSON AND ANOTHER.[1]

June 1, 1917.

Nos. 20,255—(92).

**Appeal and error — printing of record — right of respondent.**

1. The rules require an appellant to print only so much of the record as will fully and clearly present the questions raised by him. If respondent deems other parts of the record necessary to properly present all the questions involved, he may print a supplemental record, or refer to the folios or pages of the settled case on file.

**Action on saloonkeeper's bond — leave of court unnecessary.**

2. Suit may be brought upon a liquor dealer's bond without obtaining leave of court to bring such suit.

**Sale of intoxicating liquor — liability of seller — question for jury.**

3. Plaintiff's son became intoxicated and was struck and killed by a locomotive. The evidence made a question for the jury as to whether the accident happened in consequence of his intoxicated condition, and as to whether such condition was in part attributable to liquor sold him in defendant Olson's saloon while he was intoxicated.

Action in the district court for Pine county against a saloonkeeper and the surety on his bond to recover $7,500, for the death of plaintiff's adult son, upon whom she was entirely dependent for support. The case was tried before Nethaway, J., who granted defendants' motion

[1]Reported in 162 N. W. 1054.

for a directed verdict in their favor. From an order denying her motion for a new trial, plaintiff appealed. Reversed.

*Thomas J. Joyce,* for appellant.

*John Jenswold* and *John D. Jenswold,* for respondents.

TAYLOR, C.

Plaintiff brought this action upon a saloonkeeper's bond to recover damages for the death of her adult son, Adolph Wunsewich, who was killed by a railroad train while intoxicated. At the close of the evidence, defendants moved for a directed verdict in their favor on the ground that plaintiff had failed to procure leave of court to bring suit upon the bond, and on the further ground that she had failed to prove any breach of the bond. The trial court, after remarking that the evidence made a question for the jury as to whether there had been a breach of the bond, granted the motion, for the reason that plaintiff had not been given leave to bring suit upon it. Plaintiff appealed from an order denying a new trial.

Defendants made a preliminary motion to dismiss the appeal under the rules for the failure of plaintiff to serve or print the evidence. Plaintiff has raised no questions which require a consideration of the evidence. She rests her appeal upon the contention that the court erred in holding that her failure to obtain leave of court to bring the suit entitled defendants to a verdict. The rules require her to serve and print only so much of the record as will fully and clearly present the questions raised by her. This she has done. If defendants deem other parts of the record necessary to properly present all the questions involved, the rules authorize them to print a supplemental record, or to refer to the folios or pages of the settled case on file. The motion is denied.

The first question is whether it was incumbent upon plaintiff to make an application to the court and obtain leave to sue upon the bond before she brought her suit.

The statutes require a plaintiff to procure leave of court before bringing suit upon certain statutory bonds. A plaintiff, other than the state or body politic to whom the bond is given, must procure leave of the district court before bringing suit upon the official bond of a public

officer (G. S. 1913, §§ 8243, 8244). Leave to sue must be obtained from the probate court before bringing suit upon a bond given in proceedings in that court (G. S. 1913, § 7421). The statutes also authorize suits upon certain statutory bonds, without providing that leave to sue shall first be obtained. No such provision is contained in the statute requiring bonds from persons who contract to perform public work for the state or its municipalities (G. S. 1913, §§ 8245-8247); nor in the statute requiring bonds from liquor dealers, and under which the bond in controversy was given (G. S. 1913, §§ 3116, 3117). It is contended that the provision in respect to suits upon the official bonds of public officers is intended to apply to suits upon all statutory bonds, and applies to suits upon the bonds of liquor dealers. We cannot so hold. While the bond of a liquor dealer is a statutory bond in that the statute requires it to be given, and prescribes the conditions which it shall contain and the burdens which it shall impose upon the obligors thereon, it is in no proper sense an official bond. The liquor dealer is not a public officer, and the bond is not given to secure the performance of any official duties by a public officer. Its purpose is to secure the observance of the regulations and restrictions placed upon the liquor traffic, and to provide responsible persons to whom those suffering injury from a nonobservance of such regulations and restrictions may look for compensation. The fact that the legislature has expressly required a plaintiff to obtain leave of court before bringing suit upon certain statutory bonds, and has omitted to require him to obtain such leave before bringing suit upon certain other statutory bonds, indicates that the legislature did not intend that the same rule should apply as to all statutory bonds, but that this limitation upon the right to sue should apply only in those cases where it was expressly imposed. If the legislature had intended that the limitation in respect to official bonds should also apply to the bonds given by liquor dealers, it would doubtless have inserted a provision to that effect as it did in section 15 of chapter 230 (page 320), of the Laws of 1905, and section 18 of chapter 127 (page 127), of the Laws of 1909, relating to the bonds required from ditch contractors. We have reached the conclusion that plaintiff had the right to bring her suit without first obtaining leave of court to do so. This conclusion is in harmony with the conclusion

reached in Rosman v. Bankers Surety Co. 126 Minn. 435, 148 N. W. 454.

Defendants insist that the evidence is not sufficient to make a question for the jury as to whether there had been a breach of the bond, and invoke the well-established rule that a correct decision will not be reversed because it was based on a wrong reason. We have read the evidence attentively and conclude, as claimed by defendants' counsel, that the present question narrows down to this: Is the evidence sufficient to make a question for the jury as to whether Wunsewich's condition at the time of the accident was attributable to intoxicating liquor sold to him by defendant Olson or his bartender while he was intoxicated? The evidence is conflicting, but we are not now concerned with the weight of the evidence. The question here is whether the jury, if they had believed the evidence supporting plaintiff's contention and had disbelieved the evidence opposed thereto, could reasonably have found that such sales had been made, and that the accident had resulted in consequence of the furnishing of the liquor illegally sold. There was only the one saloon in the village. Wunsewich was struck by the locomotive at 9:23 in the forenoon of August 7, 1915. There is evidence from which the jury could find that he was badly intoxicated the evening before the accident and at the time of the accident, and that he had purchased and drank liquor in the saloon on the morning of the accident; and we think it would be permissible for the jury to infer from the evidence on the part of plaintiff, if they believed it, and from the facts and circumstances disclosed by the evidence, that his condition at the time of the accident was in part attributable to liquor furnished him in the saloon while he was intoxicated, and that such condition was the proximate cause of the accident. The complaint sufficiently alleges such facts as a basis for the cause of action, and we think that the case should have been submitted to the jury.

Order reversed.