## MARTHA FEST v. WILLIAM OLSON AND OTHERS.[1]

### July 20, 1917.

### Nos. 20,268—(90).

**Intoxicating liquor — sale on Sunday — liability of seller.**

1. A sale of intoxicating liquor by a licensed saloonkeeper on Sunday is illegal and under G. S. 1913, § 3200, liability ensues for the proximate result of it.

[1] Reported in 163 N. W. 798.

**Same — evidence,**

2. The evidence sustains the finding of the jury that the plaintiff's husband purchased intoxicating liquor in the saloon of each of the defendants on a Sunday, became intoxicated by its use, and as a proximate result of his intoxication was drowned.

**Same — concurring cause — charge to jury.**

3. To render a licensed saloonkeeper liable for an illegal sale, his sale need not be the sole cause of intoxication. It is enough if it is a cooperating, or concurring or proximately contributing cause. The charge of the court upon this point was correct.

**Damages not excessive.**

4. The verdict is not excessive.

Action in the district court for St. Louis county to recover $5,000 for the death of plaintiff's husband. The case was tried before Hughes, J., and a jury which returned a verdict for $3,000 and answered in the affirmative the question whether the husband of plaintiff on May 31, 1914, was furnished intoxicating liquor in the saloon of defendant Olson and in the saloon of defendant Giacoma. From an order denying their motion for a new trial, defendants appealed. Affirmed.

*Fryberger, Fulton & Spear,* for appellants.

*Archer & Pickering* and *Carl A. Onkka,* for respondent.

DIBELL, C.

This is an action by the plaintiff, Martha Fest, to recover for the death of her husband, Andres Fest, alleged to have been caused by the use of intoxicating liquor sold him in violation of law. There was a verdict for the plaintiff. The defendants appeal from the order denying their motion for a new trial.

The defendants Olson and Giacomo were licensed saloonkeepers in Gilbert, St. Louis county. Each operated a saloon. The defendant Illinois Surety Company was a surety on the statutory bond of each. The statute imposing upon licensed saloonkeepers liability for illegal sales is as follows:

"Every husband, wife, child, parent, guardian, employer, or other person, who shall be injured in person or property, or means of support, by any intoxicated person, or by the intoxication of any person, shall

have a right of action, in his or her own name, against any person, who shall by illegally selling, bartering, or giving intoxicating liquors, have caused the intoxication of such person, for all damages sustained; and all damages recovered by a minor under this act shall be paid either to such minor or to his or her parent, guardian, or next friend, as the court shall direct; and all suits for damages under this act shall be by civil action in any of the courts of this state having jurisdiction thereof." G. S. 1913, § 3200.

1. The plaintiff claims that the defendants sold her husband intoxicating liquor on Sunday, May 31, 1914. A sale on Sunday is illegal. Liability follows for the result coming proximately from the illegal act. Posch v. Lion B. & S. Co. 137 Minn. 169, 163 N. W. 131.

2. Fest lived on Ely Lake near Gilbert. In the afternoon of Sunday, May 31, 1914, he with some companions went to Gilbert. While crossing the lake on his return in the evening the boat upset and he was drowned. The jury found that he obtained intoxicating liquor from the saloon of each defendant, that his intoxication was caused by liquor sold by each, and that his intoxication resulted in his drowning. These were contested questions at the trial, and were submitted for special findings, and the determination of the jury reached upon sufficient evidence is final. The question of proximate cause was clearly for the jury. Posch v. Lion B. & S. Co. 137 Minn. 169, 163 N. W. 131; Wunsewich v. Olson, 137 Minn. 98, 162 N. W. 1054; Joyce, Intoxicating Liquors, § 433; 2 Woollen & Thornton, Intoxicating Liquors, § 1041; 11 Dec. Dig. Intoxicating Liquors, § 291; 29 Cent. Dig. Intoxicating Liquors, §§ 425-427.

3. Exception is taken to the following portion of the charge:

"In order that the intoxicating liquor may operate to cause the intoxication I take it that it is not necessary that. the intoxicating liquor furnished be the sole cause of the intoxication; it is sufficient if it cooperates with other intoxicating liquors that may have been furnished to cause the intoxication, and if intoxicating liquors are furnished to a man who is already intoxicated which continues him in a state of intoxication further than he otherwise would be, it would be furnishing liquor operating to cause the intoxication, or if it increases the degree of his intoxication within the meaning of this statute."

The charge was correct. To render a defendant liable his sale need not

be the .sole cause of the intoxication, nor is it necessary, when illegal sales are made by more than one, that they act in concert. To charge either it is enough that his sale was a co-operating or concurring cause or one proximately contributing to the result. The statutes of the different states vary in phraseology, but the rule stated is one of general application. Wardell v. McConnell, 23 Neb. 152, 36 N. W. 278; Gorey v. Kelly, 64 Neb. 605, 90 N. W. 554; Werner v. Edmiston, 24 Kan. 147; Faivre v. Manderscheid, 117 Iowa, 724, 90 N. W. 76; Simser v. State, 17 Ind. App. 519, 47 N. E. 229; Black, Intoxicating Liquors, § 299; Joyce, Intoxicating Liquors, § 435; 2 Woollen & Thornton, Intoxicating Liquors, § 1045.

4. The plaintiff was a man 28 years of age, in good health, and capable of earning good wages. The verdict was for $3,000. It is not excessive. Order affirmed.