WINNIFRED MILES v. NATIONAL SURETY COMPANY AND OTHERS.[1]

May 27, 1921.

No. 22,324.

**Surety liable for sale of liquor to intoxicated person.**

1. A sale of intoxicating liquor by a saloonkeeper to an intoxicated person is an illegal act rendering him and the surety on his bond jointly and severally liable for such damages as proximately result therefrom.

**Surety not released by failure to file claim against saloonkeeper's estate.**

2. One entitled to maintain an action for damages so resulting does not release the surety on the bond by failing to file in the probate court a claim for such damages against the estate of a saloonkeeper who dies before the action is brought.

**Right of action.**

3. Section 3200, G. S. 1913, confers a right of action for injury to his

[1]Reported in 182 N. W. 996.

or her means of support upon each child of a person whose death is proximately caused by the illegal sale of intoxicating liquor, whether the child is a minor or an adult.

**Verdict in favor of daughter sustained by evidence.**

4. The evidence would justify a jury in finding that plaintiff, an adult daughter living in the home maintained by her father, was injured in her means of support by her father's death.

**Insufficient evidence to prove death from attack on intoxicated man.**

5. The evidence does not show conclusively that the father met his death as the result of his wanton attack upon an intoxicated man.

**Judgment may be corrected.**

6. If the judgment against the widow and minor children of the deceased saloonkeeper was not proper, it may be corrected by application to the district court.

Action in the district court for St. Louis county by the daughter of James P. Miles, deceased, to recover $2,000 for the death of her father. The case was tried before Hughes, J., who at the close of the testimony denied the motion of defendant National Surety Company for a directed verdict on the ground that plaintiff had not introduced facts sufficient to constitute a cause of action against the principal upon the bond and the surety, and a jury which returned a verdict for $600. The motion of defendants for judgment notwithstanding the verdict was denied. From the judgment entered pursuant to the order for judgment, defendants appealed. Affirmed.

*Archer & Pickering* and *J. C. McGilvery,* for appellants.

*Giblin & Manthey,* for respondent.

LEES, C.

The defendant National Surety Company was surety for Frank Steblaj, an Eveleth saloonkeeper, on the bond required by statute, G. S. 1913, §§ 3116, 3117. On October 12, 1917, a man named John Shalka was in the Steblaj saloon. He was intoxicated, but nevertheless Steblaj continued to furnish him with liquor. There was evidence that he threatened to attack a man in the saloon and only desisted at the command of Steblaj, and that thereafter he was supplied with more liquor. At this juncture plaintiff's father, James P. Miles, entered the saloon and in a

few minutes there was a verbal altercation between him and Shalka, followed by blows. The evidence tends to show that Miles was the aggressor, and that he pulled off his coat and struck Shalka several times before the latter retaliated by picking up a beer mug with which he struck Miles on the side of the head. The mug was shattered by the force of the blow and a splinter of the glass pierced an artery in Miles' neck, and, as a result, he bled to death. He left surviving a widow and two daughters. He was a laboring man earning about $90 a month. Both daughters were of age and were employed in Eveleth. They each earned about $40 a month at the time of their father's death. They brought their earnings home and gave them to their mother. Miles also gave his earnings to her and she paid the family bills. After Miles' death plaintiff brought an action against Steblaj and the surety on his bond to recover damages under the provisions of section 3200, G. S. 1913, which action was dismissed before it came to trial. Later on Steblaj died and administration upon his estate was had in the probate court of St. Louis county. Notice to creditors was given. Plaintiff filed no claim against the estate. The estate was solvent and has been closed in the probate court. Unexempt property of the value of about $1,200 was turned over to the widow and children. Then the present action was brought under the same statute. The surety company was the only defendant originally named. On its application the court made an order joining Steblaj's widow and children as defendants. The surety company and the widow and children appeared by different attorneys and answered separately. The case was tried by a jury. The surety company moved for a directed verdict in its favor. The motion was denied. The jury returned a verdict against all of the defendants and in favor of plaintiff for $600. Defendants moved for judgment notwithstanding the verdict. The motion was denied, judgment was entered, and the defendants jointly and severally appealed therefrom.

The assignments of error are: (1) That, by failing to file in the probate court a claim against the Steblaj estate, plaintiff lost her right to hold the defendant as surety on the bond; (2) that the evidence conclusively showed that plaintiff supported herself without aid from her father; (3) that the father was killed in a drunken brawl which he

himself provoked, and that his own acts were the proximate cause of his death.

1. One of the conditions of the bond was that Steblaj should not sell intoxicating liquors "to any person to whom such sale is forbidden." Section 3148, G. S. 1913, forbids a sale to an intoxicated person. Shalka was such a person and Steblaj violated the law, and the conditions of his bond when he sold liquor to him. Defendant, as surety on the bond, was liable for damages proximately resulting from the illegal act. Fest v. Olson, 138 Minn. 31, 163 N. W. 798. The language of the statute is: "The surety, or sureties, on any such bond shall be liable for any damage or injury caused by or resulting from the violation of any of the conditions thereof in any and all cases where the principal upon such bond may be liable." Section 3117, G. S. 1913.

In Lynch v. Brennan, 131 Minn. 136, 154 N. W. 795, the history of the legislation on this subject is given, and the conclusion reached that both the principal and the surety on the bond are liable for any damage proximately caused by any act which is a violation of any of the conditions of the bond. In Posch v. Lion B. & S. Co. 137 Minn. 169, 163 N. W. 131, the court remarked: "Of course the surety is not liable unless the principal is. If the liability is joint and several, it is plain that the surety may be sued alone. This is probably the nature of the liability."

In Koski v. Pakkala, 121 Minn. 450, 141 N. W. 793, 47 L.R.A.(N.S.) 183, it was held that in case of the death of the principal, one having a cause of action under section 3200, G. S. 1913, might prosecute it against the representative of the estate of the deceased. Under these decisions and the provisions of the statute quoted, plaintiff's failure to file a claim for damages against Steblaj's estate did not release the surety on the bond. The doctrine of Siebert v. Quesnel, 65 Minn. 107, 67 N. W. 803, if it is still to be adhered to in spite of what was said about it in Board of Co. Commrs. of St. Louis County v. Security Bank of Duluth, 75 Minn. 174, 77 N. W. 815, has no application to the case at bar. The statute imposes direct liability upon the surety. We see no reason why the intimation in the Posch case should not be accepted as a correct statement of the law, and accordingly hold that a surety on

such a bond as we have before us may be held jointly and severally liable with the principal.

2. The evidence was sufficient to justify the jury in finding that plaintiff was injured in her means of support by the death of her father. To a considerable extent his earnings supplied the family table and maintained the home which sheltered her. The fact that she was of age does not deprive her of her right of action. Section 3200, G. S. 1913, confers such right on every child, whether a minor or an adult, who can establish injury to his or her means of support. A father may voluntarily support his daughter though she is of age. It is not uncommon for him to do so. If he does, he is her means of support, of which she is deprived by his death. For these reasons we do not concur in the contention that there can be no recovery in the absence of the father's absolute present legal duty to support a daughter who brings an action under the provisions of section 3200.

3. Defendant argues at considerable length that Miles was the aggressor in the affray which resulted in his death. Much of the testimony is to that effect, but there is positive testimony by one witness that, after the first clash with Shalka was over, Miles put on his coat and stepped up to the bar and that Shalka came up, drank part of a glass of beer and then swung around and struck Miles with the glass. If the jury believed this testimony, they might infer that Shalka was not defending himself when he struck the fatal blow, and that he struck it solely to revenge the indignity and ill usage he had suffered at Miles' hands. We are satisfied that it was not conclusively proved that Miles met death while making a wanton assault on Shalka. It is, therefore, unnecessary to decide whether there could be a recovery if Shalka unintentionally killed Miles while defending himself against a wanton attack. Defendants requested and the court refused to instruct the jury that, if Shalka acted in self-defense in doing what he did, their verdict should be in defendants' favor. We are not called upon to decide whether this was error, for the reason that it is not covered by the assignments of error or discussed in the briefs.

4. Judgment was entered against the surety company and Steblaj's widow and children. Examination of the return to this court shows that the widow was appointed guardian of the children, all of whom are

minors, and that they have been enjoined, during the pendency of the action, from disposing of the property they inherited from Steblaj. They joined in making this appeal, but no brief was filed in their behalf, and they do not appear to be here questioning the judgment against them. We need not decide whether the judgment against them is a proper one or determine their rights and those of the surety company as between one another. If the judgment as to the widow and children is not proper, it is within the power of the court below to correct it. The surety company neither does nor can complain about it.

Judgment affirmed.