## H. L. BURNS v. A. J. VAN BUSKIRK AND OTHERS.[1]

April 24, 1925.

No. 24,088

**Taxpayer in behalf of city may maintain action for restitution of money to city treasury.**

1. Following Burns v. Essling, 163 Minn. 57, 203 N. W. 605, it is *held* that a taxpayer may maintain an action in behalf of a city, against the officers of the city, to compel the restitution of money illegally withdrawn from the city treasury as the result of the unauthorized acts of the officers.

**Delinquent officers and sureties on their official bonds may be joined as parties defendant.**

2. All the officers concerned in the illegal expenditure of the money and the sureties on their official bonds may be joined as parties defendant. There is but one cause of action against the officers and, although the cause of action against them sounds in tort and the

[1]Reported in 203 N. W. 608.

cause of action against each surety is based on contract, both spring from the same transaction and may be united. The fact that all the parties are not affected equally or in the same manner does not prevent a joinder. The statute relative to the joinder of parties should be liberally construed to avoid unnecessary litigation.

1. See Municipal Corporations, 28 Cyc. p. 1734.
2. See Actions, 1 C. J. p. 1087, § 244; p. 1093, § 256; p. 1098, § 262; p. 1103, § 266.

Action in the district court for St. Louis county. Defendants appealed from an order overruling their demurrers to the complaint, Hughes, J. Affirmed.

*J. C. McGilvery, Boyle & Montague, John J. Fee* and *George H. Spear,* for appellants.

*Giblin & Manthey,* for respondent.

LEES, C.

Appellants demurred to the complaint in this action on the grounds: (1) That the court had no jurisdiction of the subject of the action; (2) that several causes of action were improperly united; and (3) that the facts stated do not constitute a cause of action. The court overruled the demurrer, gave the statutory certificate of doubt, and this appeal followed.

Respondent brought the action as a taxpayer of the city of Eveleth to recover in its behalf $29,780.30, paid to Saari Brothers for 342,000 feet of lumber purchased by the mayor without obtaining bids, as required by the city charter. The complaint alleges that the city received but a small portion of the lumber and that the sum mentioned was paid by orders drawn on the permanent improvement fund of the city by the mayor, city clerk and city treasurer, after the city council, at a meeting at which all its members were present, had voted to delegate the authority of the council to the mayor and E. H. Berg to purchase and pay for the lumber.

It is alleged that the mayor, clerk, treasurer and two of the councilmen, ever since taking office, have been actively engaged in squandering the city's money and have illegally expended more than $150,000 for baseball, football, hockey and for a hockey rink; that

the expenditures here complained of were made after numerous suits against the city officials had been instituted on account of other illegal expenditures of a similar nature and after an injunction had been issued to put a stop to them.

The mayor, clerk, treasurer, councilmen and the sureties on their official bonds are joined with Saari Brothers and the city as defendants.

The first ground of demurrer has not been argued and need not be considered.

The third is disposed of by the opinion in Burns v. Essling, infra, page 57, and by Town of Buyck v. Buyck, 112 Minn. 94, 127 N. W. 452, 140 Am. St. 464.

This leaves for consideration only the second ground of demurrer. It is obvious that the demurrer cannot be sustained on that ground unless the facts pleaded give rise to two or more causes of action and the several causes of action pleaded are improperly united.

Is it true that more than one cause of action is pleaded?

If the surety companies had not been joined as parties defendant, there could be little doubt about the answer. The vote of the council under which the city's money was withdrawn from the treasury, the ministerial acts of the mayor and clerk in issuing the orders upon which the money was withdrawn, and the act of the treasurer in paying the orders, were the successive steps taken to transfer the money from the city treasury to the pockets of Saari Brothers. It is alleged that all who took part in the transaction knew that their acts were illegal, and it is a fair inference from the facts pleaded that there was concerted action. If there was, all concerned were jointly and severally liable. Dun. Dig. § 9643.

It would seem that the question is whether there has been a misjoinder of parties defendant rather than an improper joinder of causes of action. See Mayberry v. N. P. Ry. Co. 100 Minn. 79, 110 N. W. 356, 12 L. R. A. (N. S.) 675, 10 Ann. Cas. 754. Respondent pleaded the successive wrongful acts which united to cause the injury to the city. In combination they gave rise to a single cause of action, namely, one for the restitution of the money of which the city was deprived in consequence thereof. Mayberry v. N. P. Ry.

Co. supra; Pleins v. Wachenheimer, 108 Minn. 342, 122 N. W. 166, 133 Am. St. 451; Fortmeyer v. National Biscuit Co. 116 Minn. 158, 133 N. W. 461, 37 I. R. A. (N. S.) 569. If any one of the city officials had been sued alone, it would have been proper to join the surety on his bond as a party defendant. The cause of action against the principal in the bond would sound in tort; that against his surety would be based on contract. Nevertheless it would be permissible to unite both causes of action, for a cause of action ex delicto and one ex contractu may be joined if they arise out of the same transaction. Dun. Dig. § 7500.

If the cause of action against one of the wrongdoers and the cause of action against his surety could be united because both sprang from the same transaction, there is no good reason for holding that, when all the wrongdoers are sued, their sureties should not be joined with them.

The design of the joinder statute, section 9277, G. S. 1923, is to avoid a multiplicity of suits by enabling parties to settle in one action all their differences arising out of and relating to the same transaction. Dun. Dig. § 7500. The causes of action united must affect all the parties, but need not affect them equally or in the same manner. Dun. Dig. § 7502; Price v. M. D. & W. Ry. Co. 130 Minn. 229, 153 N. W. 532, Ann. Cas. 1916C, 267; Doyle v. St. P. U. D. Co. 134 Minn. 461, 159 N. W. 1081.

Each surety was responsible for the wrongful acts of its principal. The principals in the bonds were joint tort feasors for whose acts the sureties had made themselves responsible, and although the fact that the statute providing for liquor dealers' bonds contains language not applicable to the bonds of city officers, the principle announced in Pete v. Lampi, 162 Minn. 497, 203 N. W. 447, is applicable here.

In Burns v. Essling, 154 Minn. 304, 191 N. W. 899, the bald statement was made that the sureties on the bonds of the city officers who were sued were properly joined as defendants, and we see no reason for reaching a different conclusion now that the question has been fully argued.

Seven bonds, all running to the city, are set out in the complaint. The Aetna Company is surety on the bond of the clerk, the treasurer and two of the councilmen, and the Royal Indemnity Company is surety on the bond of the mayor and the other two councilmen. Each bond is conditioned for the faithful performance by the principal of his official duties.

The complaint charges each of the principals with official misconduct which has resulted in injury to the city. The alleged misconduct occurred in the course of the transaction by which the city's money was illegally turned over to Saari Brothers. The amount Saari Brothers received exceeds the total amount of the bonds. If the respondent prevails, all the defendants except the surety companies may be held for the whole amount, and each surety may be held for the amount of the recovery against his principal, not in excess of the amount of the bond.

If, appellants' contention that there is a misjoinder were sustained, it would be necessary to bring not less than four and possibly seven separate actions to enforce a single claim for restitution. The law looks with disfavor upon any rule of practice which makes necessary a multiplicity of actions when the rights of all parties can be adjusted in one action. The statute relative to joinder of causes of action and joinder of parties to the action should be liberally construed to avoid unnecessary litigation. Thus construed, there is no difficulty in upholding the joinder which appellants attack.

Order affirmed.