David CAMPBELL, Donna B. Campbell, Leslye Campbell, a minor by her mother and natural guardian, Donna B. Campbell, Karen Campbell, a minor by her mother and natural guardian, Donna B. Campbell, and Scott Campbell, a minor by his mother and natural guardian, Donna B. Campbell, Plaintiffs,

v.

VILLAGE OF SILVER BAY, MINNESOTA, dba Silver Bay Liquor Lounge, and Silver Bay Liquor Lounge, and Village of Beaver Bay, Minnesota, dba Beaver Bay Liquor Store, and Beaver Bay Liquor Store, Defendants.

No. 5-61 Civ. 76.

United States District Court
D. Minnesota,
Fifth Division.

Dec. 27, 1961.

James J. Courtney, Jr., and R. B. Reavill, Duluth, Minn., for defendants in support of said motion.

Philip F. Shields, Minneapolis, Minn., for plaintiffs in opposition thereto.

NORDBYE, District Judge.

These actions are brought by the above-named plaintiffs under the above title against the municipal liquor store defendants under the so-called Minnesota Civil Damages Act. Defendants have moved for a dismissal of the actions asserted by the wife and minor children of plaintiff David Campbell.

These actions are based upon the alleged unlawful dispensing of liquor by these defendants to one Joseph Torreano on April 21, 1961. David Campbell was a passenger in Torreano's car when an automobile accident allegedly caused by the latter's drunkenness resulted in injuries to Campbell. It is alleged that, as a result of the accident, he has sus-

tained a severance of his spinal column in the cervical area, resulting in a permanent paralysis with a total and permanent loss of his earning capacity.

When the action was commenced, David Campbell sought recovery in the amount of $500,000 for his permanent injuries, pain and suffering, medical expenses, past and future, and, in addition he alleged:

"IX.

"As a result of the injuries sustained by plaintiff David Campbell as aforesaid, he will never be able to engage in gainful employment to earn money for himself, all to his damage in a presently undetermined amount."

Donna B. Campbell, the wife of David Campbell, in the second cause of action sought to recover $100,000 because she alleged she had been permanently deprived of his services and support by reason of his injuries.

The three named children, Leslye, 10 years, Karen, 7 years, and Scott, 3 years, in a third, fourth and fifth cause of action by their mother as natural guardian, asserted an action against these defendants, each seeking $50,000 damages by reason of the injuries sustained by their father, David Campbell, which injuries would allegedly forever deprive each of them of the father's care and support.

The defendants in their joint answer alleged that as to the separate actions of the mother and children of David Campbell, any loss of support is included in and merged with the claim of David Campbell. And at the time the answer was served, defendants moved the Court to dismiss the second, third, fourth and fifth causes of action upon the following grounds:

"(1) That said second cause of action fails to state a cause of action against defendants; (2) that any loss of means of support sustained by plaintiff is included in and merged with the cause of action of plaintiff's husband, David Campbell; (3) that the damages claimed to have been

sustained by the plaintiff David Campbell in the first cause of action set forth in the complaint include any amounts which otherwise would have been used by him for the support of plaintiff; (4) that the effect of a recovery by plaintiff in said second cause of action would result in a double recovery against the defendants contrary to the laws of the State of Minnesota; (5) that if plaintiff were permitted to recover under her cause of action these defendants would be deprived of their property without due process of law.

"(1) That said third cause of action fails to state a cause of action against defendants; (2) that any loss of means of support sustained by plaintiff is included in and merged with the cause of action of plaintiff's father, David Campbell; (3) that the damages claimed to have been sustained by the plaintiff David Campbell in the first cause of action set forth in the complaint include any amounts which otherwise would have been used by him for the support of plaintiff; (4) that the effect of a recovery by plaintiff in said third cause of action would result in a double recovery against the defendants contrary to the laws of the State of Minnesota; (5) that if plaintiff were permitted to recover under her cause of action these defendants would be deprived of their property without due process of law."

The grounds asserted for the dismissal of the fourth and fifth causes of action repeat the grounds set forth as to the third cause of action.

On the same day that the motion was served, plaintiff David Campbell served an amended complaint eliminating Paragraph IX above quoted. The ad damnum clause remained the same. The second, third, fourth and fifth causes of action were amended by adding to each thereof an additional paragraph reading,

"As a result of the injuries sustained by plaintiff David Campbell

as aforesaid, he will never again be able to engage in gainful employment for any purpose."

The statute upon which these actions are based reads (Section 340.95, Minnesota Statutes Annotated):

"Every husband, wife, child, parent, guardian, employer, or other person who is injured in person or property, or means of support, by any intoxicated person, or by the intoxication of any person, has a right of action, in his own name, against any person who, by illegally selling, bartering or giving intoxicating liquors, caused the intoxication of such person, for all damages, sustained; and all damages recovered by a minor under this section shall be paid either to such minor or to his parent, guardian, or next friend, as the court directs; and all suits for damages under this section shall be by civil action in any court of this state having jurisdiction thereof."

The Legislature clearly intended that if, as a proximate result of a violation of this statute, a husband or father became injured and disabled *by reason of his drunkenness,* his wife and children would have separate causes of action for loss of support. The injured husband or father would be deprived of any rights under the Act by reason of his own voluntary drunkenness, but those dependent upon him for support under such circumstances would not be denied recovery against those who illegally caused his intoxication.

A husband and father is obliged under the law to support his wife and, during their minority, his children. Undoubtedly where a husband and father has a cause of action for loss of earning power occasioned by those who violate this statute, the statute enables him to recoup his loss of earnings by his recovery against the statutory wrongdoer. The amount of his recovery for past and future earnings is presumed to be the fund available for the support of his dependents to the same extent as if he had

sustained no injuries by reason of the statutory wrong of another. It is recognized here that the loss of earnings of which Campbell has been deprived by reason of this accident will include the loss of support which his wife and children will sustain. The original complaint contained an averment for the loss of his earnings, although the amended complaint leaves out this averment. The right, however, of David Campbell to recover for the loss of all of his past and future earning capacity belongs to him. In that under the law he is required to support his wife and children, it seems reasonable to conclude that, under the circumstances present here, the statute intended that the right to recover loss of earnings should rest exclusively in him so as to avoid double recovery of such damages. Regardless of any recovery the wife and children may obtain under the statute, the obligation to support his family, limited as that may be by reason of his injuries, nevertheless rests with David Campbell. If any recovery obtained by the wife and children herein was thereafter frittered away, and then through some fortuitous circumstance the father obtained funds with which to take care of his family, his seeming dormant obligation to support his dependents would be realistically restored.

Under the facts herein, no one can deprive David Campbell of the right to recover not only for his injuries and resulting damage, but also for his loss of his earning capacity, past, present and future. He could settle with these defendants for his entire damages, including loss of earnings. Upon such settlement being effected, his wife and children would have no claims under the statute. However, he now assumes to split his cause of action and to sue for all of his damages except loss of earnings, and he attempts to relegate the recovery of such damages to his dependents, probably with the expectation that an individual recovery of loss of support on the part of each dependent would pyramid the damages to a higher amount than that which he could recover in his action for loss of earnings.

The damages sought in the five causes of action total $750,000. This statute was enacted to protect the family where violations thereof result in loss of support to the wife and children. It is difficult to believe that the Legislature intended to extend this family protection basis when the breadwinner is fully empowered under the statute to protect the family in this regard.

This case is one of first impression. The Minnesota decisions interpreting the statute do not reach the question propounded here. But it seems doubtful that, under the circumstances herein, the Legislature intended that a jury should be permitted to struggle with the question of attempting to allocate to each of the three minor children and the wife individual support losses when the rights granted under the statute to the injured person, the husband and father, fully safeguards their claims for loss of support. Assume that individual actions were brought under this statute where the injuries to the husband deprived him of earning capacity only temporarily— say for a few months—would it be reasonable to conclude that under such circumstances the statute intended that every dependent child and the wife should be permitted to have the loss of support determined in a separate action? To attempt to allocate the temporary loss of support as among the wife and several children tends to illustrate the complications involved in such procedure, and demonstrates the unrealistic approach to the problem which can be determined with considerable definiteness by a jury in the husband's action by multiplying the weekly or monthly earnings by the number of weeks or months the injured husband and father will be deprived of any earnings.

Admittedly, the wording of this statute is broad, and assumes to grant a wife and child, parent, guardian, and even an employer or other person, separate actions when injured "in person or property, or means of support." But actually Campbell's wife and children are not injured as to their means of support by the al-leged acts of these defendants. Here, the husband and father is given the right under the statute to recoup all of the loss of his earning power as fully as the wife and children could do by separate actions, and under such circumstances, with the recovery of David Campbell of damages for his loss of earnings, they will have sustained no damages under the Act. In other words, under the admitted facts herein, their right of support has not been imperiled.

Consistent with the foregoing, the Court concludes that defendants' motion to strike the second, third, fourth and fifth causes of action should be granted; conditioned, however, upon the right of the plaintiff David Campbell to amend his amended complaint within twenty days from the date hereof setting forth averments for his total loss of earnings, past, present and future. It is so ordered. An exception is allowed.