ROBERT CAVIN (AS AMENDED BY ORDER OF COURT) v. GUST F. SMITH, d. b. a. SMITTY'S BAR, AND ANOTHER.[1]

April 22, 1949.

No. 34,887.

*Samuel A. Warren* and *William H. DeParcq,* for appellant.
*Meagher, Geer & Markham* and *Clyde F. Anderson,* for respondents.

PETERSON, JUSTICE.

This is an action upon an on-sale liquor dealer's bond against the dealer and his surety to recover for an assault committed upon plaintiff while he was intoxicated. The trial court directed a verdict of six cents for plaintiff, who appeals.

[1]Reported in 37 N. W. (2d) 368.

Several questions have been raised on the appeal, among which is the following one, which if answered in the negative is decisive, viz., whether a minor patron who became intoxicated in the seller's saloon as the result of drinking intoxicating liquor illegally sold to him has a cause of action against the seller and the surety on his liquor dealer's bond, given under M. S. A. 340.12, for damages resulting from an assault committed upon him while he was unable to protect himself by reason of his intoxicated condition.

Plaintiff, while still a minor, became intoxicated on February 8, 1947, in the saloon of defendant Gust F. Smith as the result of drinking intoxicating liquor which it was undisputed was illegally sold to him over the bar by the glass. After becoming intoxicated plaintiff went to the rear of the saloon, where the men's and women's washrooms were located. Some sailors and a civilian were there. For an unaccountable reason, the civilian struck plaintiff a blow on the jaw, fracturing both mandibles. The sole ground asserted by plaintiff for holding defendants liable was that, when attacked by the civilian, he was rendered incapable of protecting himself by reason of his intoxication produced by consuming intoxicating liquor illegally sold to him by Smith. Neither the sailors nor the civilian have been identified. It was not shown that the civilian was intoxicated or that he had consumed intoxicating liquor sold to him by Smith. It appeared without dispute that plaintiff's special damages exceeded $500. The trial court directed a verdict for six cents for plaintiff.

Both at common law and under the civil damage statute (§ 340.95),[2] a minor patron of a retail seller of intoxicating liquor has no cause of action against the seller for damages sustained as the result of his consumption of liquor illegally sold to him. Sworski v. Colman, 204 Minn. 474, 283 N. W. 778. Cf. Sworski v. Coleman,

[2]"Every * * * child, * * * who is injured in person or property, or means of support, *by any intoxicated person,* or *by the intoxication of any person,* has a right of action, in his own name, against any person who, by illegally selling, bartering or giving intoxicating liquors, caused the intoxication of such person, for all damages sustained; * * *." (Italics supplied.)

208 Minn. 43, 293 N. W. 297. In the absence of statute, a minor has no cause of action against one illegally furnishing him intoxicating liquor. See, Westbrook v. Miller, 98 App. Div. 590, 90 N. Y. S. 558. While some statutes give such a right of action to the parent or guardian of the minor (48 C. J. S., Intoxicating Liquors, § 441), our statute gives no such right of action (Sworski v. Colman, 204 Minn. 474, 283 N. W. 778, *supra*).

Hence, since neither the common law nor the civil damage statute give plaintiff a right to recover for injury sustained as the result of his own voluntary intoxication, the trial court should have directed a verdict for defendants instead of one of nominal damages for plaintiff. The error was in favor of plaintiff, and he cannot complain that it was not greater.

Our conclusion is that plaintiff has no cause of action and that, because that is true, there should be an affirmance.

Affirmed.