**BUDER et al. v. FISKE et al.**

No. 13595.

United States Court of Appeals
Eighth Circuit.

Dec. 5, 1949.

Harry C. Blanton, Sekeston, Mo., (G. A. Buder, Jr., St. Louis, Mo., was with him on the brief), for appellants.

Jesse T. Friday, St. Louis, Mo., (E. J. Doerner, Tulsa, Okl., was with him on the brief), for appellees Johanna F. Fiske,

Amanda F. Wheeler, Otto B. Franz, Henrietta A. Holdoway, Adelaide M. Zimmerman and Ehrhardt W. Franz.

Samuel H. Liberman, St. Louis, Mo., for appellees Mississippi Valley Trust Company, administrator c. t. a. of the estates of Ernst H. Franz and Walter G. Franz.

Before SANBORN, JOHNSEN, and STONE, Circuit Judges.

PER CURIAM.

Appellants have attacked our opinion upon the merits and the conclusions therein respecting the issues of Stock Rights, Advancements, and Participation of the 3⅓ Interests. The contentions about the Stock Rights and the Participation are denied.

The contention that the Advancements, with interest as allowed, are not proper surcharges against the trustees is denied. In connection with this item there exists, however, a situation which requires attention. The principal amount of these Advances ($100,795.46) was credited in the trust estate by appellants as belonging to Sophie Franz, being treated as repayment of the Advances. This action by the trustees was without court order. Later, Sophie Franz died testate and her estate, including this amount, is in course of administration in a Probate Court of the State of Missouri. Her will left the residue of her estate to nine of the ten remaindermen interests. Appellants contend that, if this Advancements surcharge is now sustained, our opinion on the merits should be modified to prevent a double payment of this item, that is, by the trustees in this action and again from the estate of Sophie Franz. Since the estate of Walter G. Franz, deceased (the tenth remainderman), received nothing under the will of Sophie Franz, his interest in the Advancements is not subject to nor affected by this double payment situation.

We think any such double payment to the nine other remainder interests should be avoided. Since the record here contains no information regarding the status of the Sophie Franz estate—its assets, claims, costs, residue (if any), etc.—we determine that prevention of such double payment can, in a practical way, be best worked out (as to this suit) as follows: (1) each of the nine remainder interests entitled to share in the Sophie Franz estate shall execute and deliver assignments of their interests (as hereinafter defined) in said estate to appellants; (2) such "interests" shall be determined by subtracting, from the sum of the Advancements ($100,795.46) paid into the Sophie Franz estate by the trustees, (a) any trustees' commissions retained by the trustees thereon, (b) any United States and State inheritance or estate taxes or other taxes paid by or due from the Sophie Franz estate upon the amount of such Advancements (as a part of the estate), and (c) any costs and executor's or other fees arising from inclusion of the Advancements in the administration of the Sophie Franz estate; (3) a sufficient skeleton form for such assignment shall be "I (We) hereby assign to G. A. Buder and to the estate of Gustav A. Franz (deceased) any interest in the so-called Advancements as may be due me (us) under the will of Sophie Franz as such 'interest' is defined in the opinion of the United States Court of Appeals, Eighth Circuit, disposing of the Petition of Appellants for Rehearing (filed May 4, 1949) and agree to execute any further instruments which may be necessary to effectuate a recognition in the Probate Court, where the estate of Sophie Franz is being administered, of the assignment hereby intended and to compel a distribution to the said assignees of any amount which the remaindermen might otherwise receive out of the estate of Sophie Franz by virtue of such repayment of the so-called Advances having been made, including any net earnings which may have resulted from the possession of the funds by the Sophie Franz estate."

The opinion and judgment of this court is modified as to the item Advancements to the effect above set forth and, with such modification, the Petition for Rehearing is denied. This modification shall affect postponement of payment of the judgment against appellants only as to

the item of Advancements. Such postponement shall terminate as to any of the nine affected remainder interests upon the filing in the District Court of a duplicate of such assignment showing receipt by or delivery to appellants thereof.