# KARL RANDALL, A MINOR, BY BRUCE B. JAMES, HIS SPECIAL GUARDIAN, v. VILLAGE OF EXCELSIOR.

103 N. W. (2d) 131.

May 6, 1960—No. 37,756.

*Dygert & Gunn,* for appellant.

*O'Neill J. Grathwol, Wayne G. Popham,* and *Mahoney & Mahoney,* for respondent.

MURPHY, JUSTICE.

This is an appeal from an order dismissing plaintiff's complaint on the ground that it failed to state a claim upon which relief could be granted. Defendant entered no answer, and the motion for dismissal was heard on the pleadings only. We are therefore called upon to determine whether the facts alleged in the complaint entitle plaintiff to relief under any theory.

The complaint alleges that plaintiff, a minor now 18 years of age, along with other minors, sent one of their number to purchase intoxicating liquors from defendant's municipal liquor store. It is asserted that defendant engaged in the indiscriminate sale of liquor to minors. The purchase was made and the liquor consumed by the minors including plaintiff in violation of the prohibition of sales to minors. Thereafter plaintiff, while operating his car in an intoxicated condition, had an accident as a result of which he sustained serious injuries.

■ Plaintiff's first cause of action alleges that defendant illegally sold intoxicating liquors in violation of the ordinance of the village of Excelsior[1] and of state statutes,[2] which caused or contributed to the intoxication of plaintiff by reason of which injuries were sustained.

---

[1]Excelsior Village Ordinances, No. 17, § 5, provides: "No liquor shall be sold to a minor."

Ordinance No. 18, § 54(a), provides: "All places where intoxicating liquors are manufactured, sold, bottled, or given away in violation of law * * * are hereby declared to be public nuisances * * *."

[2]M. S. A. 340.73, subd. 1, provides: "It shall be unlawful for any person, except a licensed pharmacist to sell, give, barter, furnish, or dispose of, in any manner, either directly or indirectly, any spirituous, vinous, malt, or fermented liquors in any quantity, for any purpose, whatever, to any minor person, or to any pupil or student of any school or other educational institution in this state, or to any intoxicated person, or to any person of Indian blood who has not adopted the language, customs, and habits of civilization, or to any public prostitute."

Section 561.01 provides: "Anything which is injurious to health, or indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, is a nuisance. An action may be brought by any person whose property is injuriously affected or whose personal enjoyment is lessened by

If plaintiff is to recover it must be under the provisions of the Civil Damage Act, M. S. A. 340.95, which provides:

"Every husband, wife, child, parent, guardian, employer, or other person who is injured in person or property, or means of support, by any intoxicated person, or by the intoxication of any person, has a right of action, in his own name, against any person who, by illegally selling, bartering or giving intoxicating liquors, caused the intoxication of such person, for all damages, sustained; and all damages recovered by a minor under this section shall be paid either to such minor or to his parent, guardian, or next friend, as the court directs; and all suits for damages under this section shall be by civil action in any court of this state having jurisdiction thereof."

This case is controlled by Sworski v. Colman, 204 Minn. 474, 477, 283 N. W. 778, 780, and Cavin v. Smith, 228 Minn. 322, 37 N. W. (2d) 368. The Civil Damage Act does not create a cause of action in favor of one injured by his own intoxication. Only an innocent third person who is injured as a result of the intoxication of another is entitled to its benefits. Since neither the common law nor the Civil Damage Act gives plaintiff a right to recover for injury sustained as a result of his voluntary intoxication, the trial court was correct in granting defendant's motion to dismiss the complaint. See, also, Stabs v. City of Tower, 229 Minn. 552, 40 N. W. (2d) 362; Beck v. Groe, 245 Minn. 28, 70 N. W. (2d) 886, 52 A. L. R. (2d) 875.

---

the nuisance, and by the judgment the nuisance may be enjoined or abated, as well as damages recovered."

Section 616.01 provides: "A public nuisance is a crime against the order and economy of the state and consists in unlawfully doing an act or omitting to perform a duty, which act or omission shall:

"(1)  Annoy, injure, or endanger the safety, health, comfort, or repose of any considerable number of persons;

"(2)  Offend public decency;

"(3)  Unlawfully interfere with, obstruct, or tend to obstruct or render dangerous for passage, a lake, navigable river, bay, stream, canal, or basin, or a public park, square, street, alley, or highway; or

"(4)  In any way render a considerable number of persons insecure in life or the use of property."

It is immaterial whether the sale was made to plaintiff personally or to a third person. It is the fact of his voluntary intoxication which bars recovery. If the vendor is not liable for a sale made directly to the intoxicated person there is even less reason for holding him liable where the sale is made to a third person who subsequently furnishes it to the one who consumes it and becomes intoxicated.

Plaintiff argues that the following language, "Every * * * child * * * who is injured * * * by the intoxication of any person," contained in § 340.95 manifests an intention of the legislature to include within the protection afforded by the statute a minor who sustains injury as a result of his voluntary intoxication. We cannot agree. While the statute serves to punish an offending vendor and deter others from making illegal sales of liquor, it also serves to compensate those who would under ordinary negligence or other tort principles obtain no recovery for their injuries. By the Civil Damage Act the legislature abrogated the common-law requirement of proximate cause so that the person protected by its provisions is no longer required to establish that the illegal sale to the wrongdoer is the sole cause of intoxication. It is enough if the intoxication is a cooperating, concurring, or proximately contributing cause. Hahn v. City of Ortonville, 238 Minn. 428, 432, 57 N. W. (2d) 254, 258. Had the legislature intended to give a person whose voluntary intoxication is the proximate cause of his injury a remedy unknown to the common law, it may be expected that it would have clearly done so. In Noonan v. Galick, 19 Conn. Supp. 308, 311, 112 A. (2d) 892, 894, that court said:

"* * * It is not hard to see why the legislature has not so provided if one contemplates the vast number of claims which would be urged by drunks if they were entitled to recover for every expense or injury that is the natural concomitant of intoxication."

See, also, Brooks v. Cook, 44 Mich. 617, 7 N. W. 216; Hoyt v. Tilton, 81 N. H. 477, 128 A. 688; Malone v. Lambrecht, 305 Mich. 58, 8 N. W. (2d) 910; Sworski v. Colman, 204 Minn. 474, 283 N. W. 778.

■ In support of his second cause of action plaintiff contends that by repeated sales of intoxicating liquor to minors defendant's acts con-

stituted an absolute nuisance in the sense that this course of conduct was ultrahazardous or intentional in character and that consequently defendant cannot assert contributory negligence as a defense. Plaintiff relies on Hanson v. Hall, 202 Minn. 381, 279 N. W. 227, and Flaherty v. G. N. Ry. Co. 218 Minn. 488, 16 N. W. (2d) 553. Both of these cases involved the obstruction of highways caused by the defendants. In the former we held that, where it appeared that the defendant intended to invade plaintiff's rights, contributory negligence was not a defense. In the latter case it was held that where there was an intentional obstruction of a highway by a railroad in violation of a statute contributory negligence was not a defense. The plaintiff further relies on DeLahunta v. City of Waterbury, 134 Conn. 630, 59 A. (2d) 800, 7 A. L. R. (2d) 218. The latter case is the subject of an interesting discussion in *Nuisance or Negligence: A Study in the Tyranny of Labels*, 24 Ind. L. J. 402, dealing with the confusion which exists among various authorities on the overlapping concepts of nuisance and negligence.[3]

It is elementary that "nuisance" denotes the wrongful invasion or infringement of a legal right or interest and comprehends not only such invasion of property but of personal rights and privileges and includes intentional harms and harms caused by negligence, reckless or ultrahazardous conduct.[4] In Mokovich v. Independent School Dist. No. 22, 177 Minn. 446, 449, 225 N. W. 292, 293, we noted that the distinction between "negligence" and "nuisance" is not clearly defined and said:

"* * * There may be instances where a nuisance is created or exists without negligence as its primary cause. Generally a nuisance presupposes negligence, and the maintenance thereof is usually negligence. It may be said that negligence is some act or omission in violation of a duty prescribed or implied by law, while a nuisance is a dangerous, unsafe or offensive condition resulting from some act or omission.

---

[3]"There is perhaps no more impenetrable jungle in the entire law than that which surrounds the word 'nuisance.' " Prosser, Torts (2 ed.) § 70.

[4]Sweet v. State, 195 Misc. 494, 500, 501, 89 N. Y. S. (2d) 506, 514, 515.

The same act, omission, or condition may and often does create a liability authorizing recovery either for negligence or for a nuisance." See, also, Lyman v. Hermann, 203 Minn. 225, 228, 280 N. W. 862, 864.

Under the facts in this case it must be conceded that there are no circumstances which establish a wrongful invasion of a legal right or interest of the plaintiff. The damages resulted from his acquiescence in the illegal act of defendant by accepting the intoxicating liquor and consuming it. Consequently the acts which allegedly constitute a cause of action for nuisance are precisely the same as those acts which it is asserted constitute a cause of action for negligence. Merely attaching the label "nuisance" to an action for personal injuries does not alter the nature of the action. Where the acts or omissions constituting negligence are the identical acts which it is asserted give rise to a cause of action for nuisance, the rules applicable to negligence will be applied. Jablon v. City of New York, 177 Misc. 838, 841, 31 N. Y. S. (2d) 764, 768. Under either theory recovery must be denied because plaintiff's voluntary intoxication was the proximate cause of his injuries. 30 Am. Jur., Intoxicating Liquors, § 524.

Since the foregoing opinion was written three recent decisions have been called to our attention by counsel for the plaintiff.[5] The only authority that deserves comment is Schelin v. Goldberg, 188 Pa. Super. 341, 146 A. (2d) 648. There the plaintiff brought an action for personal injuries against a tavern owner who allegedly sold intoxicating liquors to the plaintiff when visibly intoxicated. The tavern keeper was held liable for injuries to this person as a result of an assault by another patron. We gather from this authority that liability was based upon the rule in Restatement, Torts, § 483, that:

"If the defendant's negligence consists in the violation of a statute enacted to protect a class of persons from their inability to exercise self-protective care, a member of such class is not barred by his con-

---

[5]Rappaport v. Nichols, 31 N. J. 188, 156 A. (2d) 1; Waynick v. Chicago's Last Department Store (7 Cir.) 269 F. (2d) 322; Schelin v. Goldberg, 188 Pa. Super. 341, 146 A. (2d) 648.

tributory negligence from recovery for bodily harm caused by the violation of such statute."

However, the plaintiff has cited no authority either statutory or decisional in this state which might give him the benefit of that rule. To adopt it, it would be necessary to overrule Cavin v. Smith, 228 Minn. 322, 37 N. W. (2d) 368, and Sworski v. Colman, 204 Minn. 474, 283 N. W. 778.

As much as we might wish to reach for the result plaintiff seeks, judicial restraint prevents us from doing so. We are dealing here with an important area of tort responsibility in which the legislature has already by the Civil Damage Act extended common-law liability. If liability of those engaged in the sale of intoxicants is to be further extended so as to abrogate the defense of contributory negligence of minors or others who themselves suffer damage as a result of voluntary intoxication, it is for the legislature to take such action.

Affirmed.

MR. JUSTICE LOEVINGER, not having been a member of the court at the time of the argument and submission, took no part in the consideration or decision of this case.