Donna B. CAMPBELL et al., Appellants,

v.

VILLAGE OF SILVER BAY, MINNESO-
TA, D/B/A Silver Bay Liquor Lounge
and Silver Bay Lounge, and Village of
Beaver Bay, Minnesota D/B/A Beaver
Bay Liquor Store and Beaver Bay Liq-
uor Store, Appellees.

No. 16994.

United States Court of Appeals
Eighth Circuit.

March 28, 1963.

Philip F. Shields, of Pierro, Johnson,
Pieri & Shields, Minneapolis, Minn., for
appellants.

R. B. Reavill, Duluth, Minn., for appel-
lees, James J. Courtney, Jr., Duluth,
Minn., on the brief.

Before SANBORN and BLACKMUN,
Circuit Judges, and REGISTER, District
Judge.

BLACKMUN, Circuit Judge.

This is an appeal from the district
court's dismissal of four of five diversity

causes of action asserted against two Minnesota villages operating municipal liquor stores. The suits are based upon the state's Civil Damage (or "Dram Shop") Act, Minn.Stat.Ann. § 340.95.[1] The problem presented is evidently one of first impression.

The five actions were set forth in a single complaint. They were brought, respectively, by David Campbell, the injured person; by his wife Donna; and by his three minor children. The wife's and children's actions, which claim damages only for the loss of David's services (or care) and support, are those which were dismissed and which are the subject of this appeal. The district court's opinion is reported at 202 F.Supp. 654.

We set forth chronologically the procedural history of the case:

a. As the complaint was originally drawn and filed, the first cause of action, by David, alleged illegal liquor sales by each of the defendants to Joseph Torreano; Torreano's operation, while intoxicated, of his automobile with David as his passenger; the driver's loss of control of the car; its leaving the Minnesota highway; consequent severe injuries and expense to David; and David's inability ever "to engage in gainful employment to earn money for himself." The second, by Donna, incorporated David's allegations and also alleged her marital status, her dependency "upon the good health, earning ability, and labor" of her husband, and her deprival forever of his services and support. The three for the respective children included similar allegations and assertions of lifelong dependency upon David and deprival forever of the father's care and support.

b. The defendants' original joint answer embraced general denials and, as to the wife's and the children's suits, alleged that no causes of action were stated and that any loss of support was included in and merged with David's claim.

c. With their answer the defendants filed motions to dismiss the wife's and children's actions for the same reasons of merger and failure to state causes of action and, additionally, because the damages claimed to have been sustained by David "include any amounts which otherwise would have been used by him for the support" of the respective other plaintiffs, because recovery by them "would result in a double recovery", and because the defendants thereby would be deprived of property without due process.

d. An amended complaint was filed. This eliminated the allegation in David's cause of action that he would never be able to engage in gainful employment. It added to each of the other causes of action an allegation that, as a result of David's injuries, "he will never again be able to engage in gainful employment for any purpose". The ad damnum clauses were unchanged.

e. The defendants' answer to the amended complaint followed the original except that one of the defendants alleged that David participated with Torreano in any drinking of intoxicants.

f. The motions to dismiss were heard and taken under advisement.

g. The defendants amended their answer to admit liability to David. This left in issue for his cause of action only the question of damages.

h. A stipulation and an order for entry of judgment in favor of David and against both defendants were filed. Judgment was entered and satisfied. All this took place on the same day the amended answer was filed.

---

1. "Every husband, wife, child, parent, guardian, employer, or other person who is injured in person or property, or means of support, by any intoxicated person, or by the intoxication of any person, has a right of action, in his own name, against any person who, by illegally selling, bartering or giving intoxicating liquors, caused the intoxication of such person, for all damages, sustained; and all damages recovered by a minor under this section shall be paid either to such minor or to his parent, guardian, or next friend, as the court directs; and all suits for damages under this section shall be by civil action in any court of this state having jurisdiction thereof."

i. Six days later the district court entered its opinion-order granting the defendants' motion to dismiss the wife's and children's causes of action. This is the one reported at 202 F.Supp. 654. It makes no mention of the defendants' amended answer to David's cause of action as set forth in the amended complaint.

We are thus confronted with the situation (1) where the injured breadwinner and his dependent wife and minor children simultaneously have sued the defendants; (2) where the husband's cause of action in the amended complaint contains no allegation as to loss of earning capacity; (3) where the defendants by their pleadings, although initially denying liability to the breadwinner, have now conceded liability to him; (4) where their liability to him has been settled and judgment entered and satisfied; and (5) where his dependents continue to assert separate causes of action under the Civil Damage Act for loss of his support.

The district court, in granting the motions to dismiss, did so on the following reasoning: that the Legislature by the Act clearly intended to give the wife and dependent children separate causes of action against the vendor making an illegal sale in the situation where the husband-father sustained damage but, because of voluntary drunkenness, had no independent right of action against the vendor; that a husband-father is obligated to support his wife and, during their minority, his children; that where the husband-father has a cause of action under the Act he may recoup his loss of earnings; that his recovery for this earnings loss is presumed to be available for the support of his dependents; that David's loss of earnings here includes the loss of support which his wife and children will sustain; that the right to recover for loss of earnings rests exclusively in David "so as to avoid double recovery of such damages"; that no one can deprive David of the right to recover not only for his injuries but also for his loss of earning capacity; that David has the power to settle with these defendants for all his dam-

ages including loss of earnings; that upon such settlement his wife and children would have no claims under the Act; that David's attempt to split his cause of action and to sue for all his damages except loss of earnings and to relegate the recovery of these to his dependents could not have been intended by the Legislature; that it did not intend, either, that a jury should struggle with the question of allocation of individual support losses when the breadwinner has the right fully to safeguard their claims; and that, with recovery by David of damages for his loss of earnings, the other plaintiffs will have sustained no damages under the Act.

The appellants argue here that there is no uncertainty in the wording of the Minnesota Civil Damage Act; that there is no qualification in its language limiting its benefits to situations where the breadwinner loses his earning capacity as a result of his own drunkenness; that a contrary interpretation would constitute improper judicial construction and violate the liberal approach which the statute deserves; that David's obligation to support does not provide a basis for denying his wife and minor children their rights of action under the statute; that David's assertion of a claim is not tantamount to recovery, for there may be defenses to his cause of action which are not assertable against his dependents; that the Act gives each of the appellants a separate right of action which is not to be confused with the one possessed by David; that David could refrain from suit and a court could not then deny his wife and minor children the right to assert their statutory claims; and that by the statute the Legislature did intend that juries struggle with the question of allocating damages.

It is perhaps desirable first to refer to two matters which have given rise to implications in the briefs and argument and which we feel account for much of the apparent confusion here:

1. Although the motions to dismiss the appellants' causes of action were made and argued before the defendants'

amended answer conceding liability to David was filed, and although the district court's opinion does not refer to the existence and filing of that amended answer and thus perhaps permits us to assume that the opinion would have been the same had the amended answer not been filed, we do note that the court's conclusion was conditioned, p. 657 of 202 F. Supp., upon the right of David to amend his complaint to include averments for loss of all earnings. Whatever may have been the intendment of the opinion in that respect, we feel that the case as presented to us is one which embraces the *entire* record as it stood at the time of the dismissal and at the time the appeal was taken and which includes, in particular, the amended answer. We see no reason why we should adopt the unrealistic position of considering only an incomplete file exclusive of that final pleading. It follows that the situation is one where David's liability has been established by the pleadings and has been settled. We are not, then, confronted with a situation where, as the appellants argue, we have nothing more than the mere assertion of a claim by David which is denied or otherwise contested.

2. Much has been said here about the impropriety of splitting a cause of action. This, of course, is not permitted. Memurer v. Carey, 1883, 30 Minn. 458, 15 N.W. 877; Hoofnagle v. Alden, 1927, 170 Minn. 414, 419, 213 N.W. 53, 55; Myhra v. Park, 1935, 193 Minn. 290, 292–294, 258 N.W. 515, 517–518. However, where different individuals, including, even, a husband and his wife, have separate causes of action, the assertion by each of his own right does not effect a splitting. Adams v. City of Duluth, 1928, 175 Minn. 247, 221 N.W. 8, 9. See Fowlie v. First Minneapolis Trust Co., 1931, 184 Minn. 82, 237 N.W. 846, 78 A.L.R. 589, and Buder v. Fiske, 8 Cir., 1949, 174 F.2d 260, 268, modified in other respects, 177 F.2d 907. Obviously, then, if there are separate and distinct rights possessed by David, on the one hand, and by his wife and children, on the other, we are not concerned with splitting. Our real problem is whether such rights of action as the wife and minor children may possess under the Civil Damage Act have been rendered fully satisfied and fully recovered by the settlement which was effected upon the defendants' concession of liability to David.

This court has had occasion recently to review the Minnesota Civil Damage Act and its history and scope. Village of Brooten v. Cudahy Packing Co., 8 Cir., 1961, 291 F.2d 284. We there noted, pp. 289–294, that the Act came into being as Chapter 175 of L.1911; that its substance has not since been changed, Hahn v. City of Ortonville, 1953, 238 Minn. 428, 436, 57 N.W.2d 254, 261; that at common law, except, possibly, in some rare situations, there was no cause of action against the vendor of liquor in favor of one injured by the resulting intoxication of the vendee, Sworski v. Colman, 1939, 204 Minn. 474, 477, 283 N.W. 778, 780; Beck v. Groe, 1955, 245 Minn. 28, 34, 70 N.W.2d 886, 891, 52 A.L.R.2d 875; Strand v. Village of Watson, 1955, 245 Minn. 414, 421, 72 N.W.2d 609, 614; that neither the common law nor the Act provides a cause of action for the intoxicated person himself, Mayes v. Byers, 1943, 214 Minn. 54, 63, 7 N.W.2d 403, 407, 144 A.L.R. 821; Stabs v. City of Tower, 1949, 229 Minn. 552, 565, 40 N.W.2d 362, 371; Cavin v. Smith, 1949, 228 Minn. 322, 323, 37 N.W.2d 368, 369; Randall v. Village of Excelsior, 1960, 258 Minn. 81, 83, 103 N.W.2d 131, 133; that the remedy afforded by the Act is purely a creature of statute, Hahn v. City of Ortonville, supra, p. 433, of 238 Minn., p. 259 of 57 N.W.2d; that recovery under the separate Minnesota Wrongful Death Act, § 573.02, does not preclude a subsequent action under the Civil Damage Act; that, however, the amount recovered in the prior wrongful death suit is pro tanto satisfaction of that sought in the second suit, Hartwig v. Loyal Order of Moose, 1958, 253 Minn. 347, 358, 91 N.W.2d 794, 803, 75 A.L.R.2d 459; Ritter v. Village of Appleton, 1958, 254 Minn. 30, 38–39, 93 N.W.2d 683, 689; Adamson v. Dougherty, 1957, 248 Minn.

535, 542, 81 N.W.2d 110, 115; Ruditis v. Gallop, 8 Cir., 1959, 269 F.2d 50, 54, 78 A.L.R.2d 933; that the Supreme Court of Minnesota has characterized the Act sometimes as penal and admonitory and sometimes as remedial; and that the Minnesota cases led us to conclude that the Minnesota Court has adopted a generally broad and liberal attitude toward the Civil Damage Act, Hahn v. City of Ortonville, supra, p. 436 of 238 Minn., and p. 261 of 57 N.W.2d; Beck v. Groe, supra, p. 34 of 245 Minn., and p. 891 of 70 N.W.2d. See, also, Lund v. Village of Watson, 1961, 260 Minn. 273, 109 N.W.2d 564, decided just four days after the Brooten case, and Murphy v. Hennen, 1963, Minn., 119 N.W.2d 489.

The problem before us is not a question of procedure but, instead, is one of substantive Minnesota law. Gentry v. Jett, 8 Cir., 1960, 273 F.2d 388, 390–391; Capital Fire Ins. Co. v. Langhorne, 8 Cir., 1945, 146 F.2d 237, 240–241. Our task, then, as it was in Brooten, p. 288 of 291 F.2d, "is the usual one of endeavoring to determine what the Supreme Court of Minnesota would declare the Minnesota law to be were this case before it".

For purposes of the present litigation we may accept the propositions (a) that in Minnesota a man has the legal obligation to support his wife and minor children, Bergh v. Warner, 1891, 47 Minn. 250, 252, 50 N.W. 77, 78; Eschenbach v. Benjamin, 1935, 195 Minn. 378, 380, 263 N.W. 154, 156; In re Besondy, 1884, 32 Minn. 385, 387, 20 N.W. 366, 367; Haugen v. Swanson, 1946, 222 Minn. 203, 206, 23 N.W.2d 535, 536; (b) that a liberal approach toward the State's Civil Damage Act is in order; (c) that the Act was intended to grant a right of action in certain situations where the common law does not; and (d) that the multiple and vexatious litigation aspect, to the extent it appears as a stated reason for the usual rule denying negligence actions for loss of support to a dependent wife or minor child of an injured person, Eschenbach v. Benjamin, supra, pp. 380–381 of 195 Minn., and pp. 155–156 of 263 N.W. 154; 20 Minn. Law Rev. 226,

227 (1936), is of no persuasion here because this Act does grant separate causes of action to specified persons who are injured in their support.

■ Granting all this, we are not convinced that the Minnesota court would hold that the separate civil damage actions of the four appellants here should not be dismissed. We say this for the following reasons:

1. The Minnesota court has continued to adhere to the old and widely recognized rule that in ordinary negligence cases a dependent has no right of action for damages for loss of support because of injuries to the breadwinner. In Eschenbach v. Benjamin, supra, p. 379 of 195 Minn., p. 155 of 263 N.W., the court quoted with approval the following statement:

> "[T]hough such act indirectly results in the loss or impairment of her right of consortium, and the ability of her husband to support her, she cannot maintain an action therefor; the remedy for such a wrong is to be redressed solely by an action by the husband to recover his damages; and the wrong to a wife which may be redressed by her action for loss of consortium or support is restricted to those which have a direct tendency to deprive the wife of her right in this respect."

This holding was adhered to in the more recent case of Hartman v. Cold Spring Granite Co., 1956, 247 Minn. 515, 516, 77 N.W.2d 651, 652. Despite any implications which might be said to be present in the contents of footnote 11 in Fussner v. Andert, 1961, 261 Minn. 347, 354, 113 N.W.2d 355, 359, we are not convinced that the Minnesota court has as yet joined the so-called more enlightened or modern trend in favor of the recognition (often assisted by reference to married women's acts) of rights of this kind, as illustrated by such cases as Hitaffer v. Argonne Co., D.C.Cir., 1950, 87 U.S.App. D.C. 57, 183 F.2d 811, 23 A.L.R.2d 1366, cert. denied 340 U.S. 852, 71 S.Ct. 80, 95 L.Ed. 624, overruled in part by Smither & Co. v. Coles, D.C.Cir., 1957, 100 U.S.

App.D.C. 68, 242 F.2d 220, 226, cert. denied 354 U.S. 914, 77 S.Ct. 1299, 1 L.Ed. 2d 1129; Acuff v. Schmit, 1956, 248 Iowa 272, 78 N.W.2d 480; Montgomery v. Stephan, 1960, 359 Mich. 33, 101 N.W.2d 227; Missouri Pac. Transp. Co. v. Miller, 1957, 227 Ark. 351, 299 S.W.2d 41; Hoekstra v. Helgeland, 1959, 78 S.D. 82, 98 N.W.2d 669; and Novak v. Kansas City Transit, Inc., 1963, Mo., 365 S.W.2d 539. We suspect that this is indicative of a basic caution in this area of the law.

2. The Minnesota court has expressed concern about double recoveries. In Eschenbach v. Benjamin, supra, the court, in distinguishing the alienation of affections situation, observed, p. 380 of 195 Minn., p. 155 of 263 N.W., that there "the wrongdoer would not be subjected to double damages". Furthermore, as has been noted, in cases where the Civil Damage Act suit follows recovery in an action under the Wrongful Death Act, double recovery is expressly denied even though the statutory rights created are regarded as unrelated and as separate and distinct. Hartwig v. Loyal Order of Moose, Ritter v. Village of Appleton, Adamson v. Dougherty, and Ruditis v. Gallop, all supra.[2] The same concern is evident in Lund v. Village of Watson, supra, where the first action was against a third person and was based on common law negligence.

Many of the cases from other jurisdictions, which embrace the majority rule that a dependent has no right of action for damages for injuries to the breadwinner caused by negligence, advance as a specific reason for this denial a desire to avoid double recovery for support. See, for example, Nickel v. Hardware Mut. Cas. Co., 1955, 269 Wis. 647, 70 N.W. 205, 208; Hoffman v. Dautel, 1962, 189 Kan. 165, 368 P.2d 57, 58, 60; Goldman v. Cohen, Sup.Ct., 1900, 30 Misc. 336, 63 N.Y.S. 459; Giggey v. Gallagher Transp. Co., 1937, 101 Colo. 258, 72 P.2d 1100, 1101; To-

biassen v. Polley, 1921, 96 N.J.L. 66, 114 A. 153, 154. See, also, 23 A.L.R. 2d 1378, 1393; 27 Am.Jur., Husband and Wife, § 514; Restatement, Torts, § 695, comment a. Many of those cases which reach the opposite result and recognize the right of action do so with conditions of limitation, or at least lip service, against double recovery for loss of support. Cooney v. Moomaw, D.Neb., 1953, 109 F.Supp. 448, 450–451; Dini v. Naiditch, 1960, 20 Ill.2d 406, 170 N.E. 2d 881, 86 A.L.R.2d 1184; Hitaffer v. Argonne Co., supra, pp. 814 and 819 of 183 F.2d; Montgomery v. Stephan, supra, p. 231 of 101 N.W.2d; Hoekstra v. Helgeland, supra, pp. 682–683 of 98 N.W. 2d; dissenting opinion in Acuff v. Schmit, supra, pp. 488–489 of 78 N.W.2d.

3. The Minnesota Civil Damage Act has not been viewed by the State Supreme Court as creating unlimited new rights of action. As we noted in Brooten, p. 293 of 291 F.2d, it provides no cause of action for the intoxicated person himself, whether he be the vendee or a third person, Randall v. Village of Excelsior, supra, p. 84 of 258 Minn., p. 133 of 103 N.W.2d; it provides none for an injured employee where workmen's compensation is available, Fox v. Swartz, 1949, 228 Minn. 233, 36 N.W.2d 708; it provides none for one claiming damages resulting from alleged unlawful sales of beer defined as non-intoxicating in still another statute, Beck v. Groe, supra; and the latter case contains the expression, p. 44 of 245 Minn., p. 897 of 70 N.W. 2d, that "No right of action exists save that expressly given by statute, and the remedy prescribed cannot be enlarged except by further legislative enactment".

4. The appellants' actions here rest entirely upon their loss of care and support due to David's having been deprived of the ability to engage in gainful employment for any purpose. They are not based upon injury to person or property or even upon the possibly more far reach-

---

2. We suspect that one of the reasons for the emphatic recognition of separate rights of action under the two Minnesota statutes has been the limitation of the amount recoverable which, to date at least, has always been present in the Wrongful Death Act.

ing aspects of loss of consortium, however that term might be defined. A claim for loss of earning capacity is a right possessed by David. If he is to assert that claim, as he did specifically in his complaint prior to its amendment here, and as, perhaps, he is still to be regarded as having done, despite the amendment, see Wilson v. Sorge, 1959, 256 Minn. 125, 132, 97 N.W.2d 477, 483, it must be covered in his present suit; its assertion by him in a separate and additional suit would split his cause of action. But David's action against these defendants has been settled and this has been done with full concession of liability. He therefore has no further right to assert a claim for loss of earning capacity. With liability conceded, any causes of action his dependents possess can be no greater than his. No injury to them thus remains uncompensated.

Benes v. Campion, 1932, 186 Minn. 578, 244 N.W. 72, which was not cited to us, is provocative but does not, in our view, qualify as contrary authority. That was a loss of support action brought by a wife under the Civil Damage Act. The suit was against moonshine vendors whose vendee had given drinks to the plaintiff's husband. He became unconscious and suffered exposure injuries but survived. He was not a party to the suit and we find nothing in the opinion suggesting that he had ever brought suit. Because the husband was apparently a voluntary imbiber, it is possible that an action on his part would have been expected to encounter the usual successful defense that at common law the proximate cause is not in the illegal sale but in the drinking of the liquor, Beck v. Groe, supra, p. 34 of 245 Minn., p. 891 of 70 N.W.2d, and that the Act is not available for the injured plaintiff (usually the vendee) when he is also the intoxicated person. Nevertheless, the court's opinion places great emphasis upon the moonshine or contraband, and thus illegal, character of the liquor there involved, re-lates it to a poisonous substance, and clearly indicates that the husband had a cause of action.[3] The court said, pp. 579, 581–582 of 186 Minn., pp. 72–73 of 244 N.W.:

"The injury to plaintiff's 'means of support' is obvious. * * * And, had Mr. Benes sued the Wrabeks, the following decisions of this court would sustain a recovery: * * * [A] maker or dealer who puts out an article which is poisonous or dangerous to use, when used as intended, without giving notice of its dangerous qualities, is liable not only to the buyer, but to any person who suffers injury by the use thereof, such injury being one that might reasonably be anticipated. * * * But of course the principle found in the above decisions, while spelling liability of the Wrabeks to Mr. Benes, does not make them liable to his wife. * * *

"However, we think [the Civil Damage Act] gives plaintiff a cause of action against the Wrabeks for unlawfully vending this moonshine liquor as a beverage which reached her husband, and resulted in his total disability to support her. * * * The cases * * * holding only the immediate seller to the injured party responsible, under the civil damage or dram shop acts there involved, related to liquors that could be lawfully manufactured and for certain purposes could be lawfully disposed of. But here everything connected with the manufacture and sale of the moonshine liquor was wholly forbidden. Everything connected with it was unlawful. The makers of the stuff, the Wrabeks * * * intended that it be sold and finally consumed, and committed a crime. Under these circumstances proximate cause and consequent liability can be ascribed to the original makers and sellers for the final result. * * *"

See also Krueger v. Knutson, 1961, 261 Minn. 144, 152, 111 N.W.2d 526, 532.

---

3. This feature of the case is used as a distinguishing factor in Fladeland v. Mayer, N.D.1960, 102 N.W.2d 121, 124–125.

Accepting Benes v. Campion as standing for the proposition that a wife (or minor dependent child) has a separate cause of action for loss of support even though the husband-father is alive and has his own right of action for loss of earning capacity, we cannot regard it as persuasive for the appellants in the position in which they now find themselves. There the husband had not prosecuted his cause of action and brought it to a conclusion. Here that very thing was done. Here, had David not sued, Benes v. Campion might be said to stand as authority for the propriety of the appellants' respective actions.

We emphasize again that we are concerned here with the situation where liability to the breadwinner has been formally conceded and his case has been settled. Our conclusion is reached in the light of that important and substantive fact. This is not a case where liability to the breadwinner remains denied and his action is nevertheless settled in the face of whatever weaknesses it possesses or where liability to him remains denied and his action is first tried and lost because of defenses not available against his dependents. Neither, on this record, is it a case where the breadwinner asserts a claim and it is denied and remains untried, nor, as in Benes v. Campion, is it a case where the dependents bring suit but the breadwinner himself asserts no claim. Questions and comments have been raised in the briefs and argument concerning such situations and some of the procedural problems which attend them. These situations and these questions we leave for future decision when and if they arise. They are not the case before us. They may present themselves initially to the Minnesota court itself and then a definitive decision as to state law upon those facts will be available. It is not for us at this time to speculate and pronounce dictum.

■■ Finally, and in any event, we revert to principles well established by decisions of this court: that our task is not to formulate the legal mind of the State but merely to ascertain and apply it; that the standard for review here on a doubtful question of state law is only whether the trial court has reached a permissible conclusion; that the appellants' burden of showing misconception or misapplication of local law by the trial court is a heavy one; and that where we feel that the trial court has reached a permissible conclusion we do not interfere with it. Village of Brooten v. Cudahy Packing Co., supra, pp. 288 and 301 of 291 F.2d, and cases cited. The district court's decision here, as applicable to all the facts developed above, was one made upon, at best, a doubtful question of state law. The appellants have not demonstrated that the court's conclusion was not a permissible one.

Affirmed.