LAY, Chief Judge,
concurring and dissenting, with whom McMILLIAN and ARNOLD, Circuit Judges, join.
We concur the proper date of Judge Thompson’s termination was the date of his resignation, to-wit, January 16, 1980. This date, however, should govern the proper date for the cessation of his back pay, less, of course, any sums he earned in the interim period of time. For some unexplainable reason the majority feels compelled to deny Judge Thompson his back wages based upon *230 the doctrine of waiver; this rationale is extremely difficult to follow and is fallacious for several reasons:
a. waiver is an affirmative defense which was never pleaded or raised in the district court, Fed.R.Civ.P. 8(c);
b. the government has never relied on waiver on appeal;
c. it is an old and fundamental rule that the burden of proof is on the party claiming waiver and it was never proved by the government, Masden v. Travelers’ Ins. Co., 52 F.2d 75, 76 (8th Cir. 1931);
d. that the essence of waiver is a voluntary and intentional relinquishment of a known right, mere thoughtlessness cannot create waiver, 28 Am.Jur.2d Estoppel & Waiver § 158; and finally
e. waiver cannot be implied from the mere failure to act, Buder v. Fiske, 174 F.2d 260 (8th Cir.), modified 177 F.2d 907 (8th Cir. 1949).