**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 96-3299

_____

Myron D. Lhotka, Darlene Lhotka,      *
and Elroy Hanson, Receiver for        *
the Myron Lhotka and Darlene          *
Lhotka Receivership,                  *
                                      *
         Appellants,                  *
                                      *
    v.                                *                    Appeal
                                                           from
                                                           the
                                                           United
                                                           States
                                      *  District Court for the
United States of America and          *  District of Minnesota.
United States Fish and                *
Wildlife Service,                     *
                                      *
         Appellees.                   *
                                      *
                                      *

_____

Submitted: March 13, 1997

Filed: May 30, 1997

_____

Before MAGILL,[1] MURPHY, Circuit Judges, and GOLDBERG,[2] Judge.

_____

    [1]The Honorable Frank J. Magill, was an active judge at the time that this case was submitted and assumed senior status on April 1, 1997, before the opinion was filed.

    [2]The Honorable Richard W. Goldberg, Judge, United States Court of International Trade, sitting by designation.

GOLDBERG, Judge.

Appellants Myron Lhotka, Darlene Lhotka, and Elroy Hanson[3] ("Lhotkas") appeal the district court's grant of summary judgment in favor of the United States Fish and Wildlife Service, dismissing their state law tort claims of trespass and nuisance.  The district court granted summary judgment because it determined (1) that the Lhotkas' claims were time-barred under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2401(b) (1988), and (2) that the Lhotkas' claims failed to state a prima facie case of either trespass or nuisance under Minnesota state law.

Because we find that the issue of when the Lhotkas' claims accrued involves factual questions beyond the scope of summary judgment, and that the Lhotkas' claims state a prima facie case of trespass and nuisance, we respectfully reverse and remand the districts court's order.

**I.**

We review the district court's grant of summary judgment <u>de</u> <u>novo</u>. <u>Kiemele v. Soo Line Railroad Co.</u>, 93 F.3d 472, 474 (8th Cir. 1996).  A movant is entitled to summary judgment only upon a showing that there is no genuine issue of material fact, and that the movant is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c).  In applying this standard, we view all facts in the light most favorable to the nonmoving party, and draw all inferences in the nonmoving party's favor.  <u>Kiemele</u>, 93 F.3d at 474.

**II.**

---

[3]Hanson is the receiver for the Lhotkas' farm.

-2-

In 1964, the Lhotkas sold a perpetual easement on their farm in Mahnomen County, Minnesota to the United States for $2700. The easement grants the Fish and Wildlife Service a right of access to maintain the wetlands on the Lhotkas' farm as they existed on June 1, 1964. It also allows the Lhotkas to continue farming the wetlands when they are dry due to natural causes. Since it's creation, the easement has been the source of both tension and litigation between the Lhotkas and the Fish and Wildlife Service, including the present case.

This case arises out of a 1990 district court order obtained by the Fish and Wildlife Service compelling the Lhotkas to restore the wetlands to their 1964 conditions. After the Lhotkas failed to comply with the order, the Fish and Wildlife Service responded by restoring the wetlands itself by constructing a series of six-inch dikes on the Lhotkas' farm. This work was completed between October 5 and October 14, 1992.

On September 30, 1995, the Lhotkas filed the instant action in the United States District Court of Minnesota. They argue that the Fish and Wildlife Service exceeded the scope of the easement when it constructed the dikes because the dikes caused rain water to remain impounded on their property for a longer period of time than it had in previous years, giving rise to an injury for both trespass and nuisance. The Fish and Wildlife Service moved for summary judgment. For purposes of summary judgment only, the Fish and Wildlife Service have stipulated that the dikes exceed the 1964 conditions of the Lhotkas' farm. Tr. Oral Arg., June 21, 1996, at 6.

The district court granted the Fish and Wildlife Service's motion for summary judgment on two independent grounds. First, it held that the Lhotkas' claims were time- barred under 28 U.S.C. § 2401(b) because the Lhotkas failed to bring suit within two years after the Fish and Wildlife Service completed their construction of the dikes. Second, and in the alternative, the district court held that the Lhotkas failed to state a

prima facie case of trespass and nuisance under Minnesota state law because the Fish and Wildlife Service constructed the dikes pursuant to a court order. Hence, its entry was lawful. Tr. Oral Arg., June 21, 1996, at 18-19.

The Lhotkas appeal. They argue that the statute of limitations period began to run not when the Fish and Wildlife Service completed the dikes in October 1992, but when the dikes caused abnormal levels of flooding in October 1993. They further argue that the district court misapprehended the nature of their trespass and nuisance claims. The Lhotkas contend that whether the Fish and Wildlife Service lawfully entered their property is irrelevant because it was not the entry, but the flooding in excess of 1964 levels that constituted trespass and nuisance. For the following reasons, we respectfully reverse and remand the decision of the district court.

### III.

Under the FTCA, a state law tort claim against the United States is time-barred unless it is filed within two years "after such claim accrues." 28 U.S.C. § 2401(b). In United States v. Kubrick, 444 U.S. 111, 120 (1979), the Supreme Court held that under the FTCA, a claim accrues when the plaintiff discovers both the injury and its cause. We have interpreted this to mean that the claim accrues when the plaintiff "knows or reasonably should know both the existence and cause of the injury." Slaaten v. United States, 990 F.2d 1038, 1041 (8th Cir. 1993). Thus, in the present case, the Lhotkas had two years to file a claim from the time that they actually knew, or should have reasonably known, (1) that a trespass and nuisance occurred and (2) that the Fish and Wildlife Service's restoration work caused them. We examine each element in turn.

With respect to the first element, the Fish and Wildlife Service contends that the Lhotkas should have reasonably known of the injury when the restoration project was completed. Yet, the Fish and Wildlife Service ignores two crucial facts. First, under

-4-

the theory of trespass and nuisance asserted by the Lhotkas, outward signs of any tort remained hidden until the rainy season began, and water remained impounded on the property beyond the period of time in which it normally would have dissipated.  It is undisputed that the Lhotkas' property was dry when the Fish and Wildlife Service completed its work on October 14, 1992, and that there was insubstantial rainfall until the spring and summer of 1993.  As a result, the Lhotkas could not have had actual knowledge of these claims until after the summer of 1993.

Second, the Lhotkas could not have assessed the latent water damage because they lacked the technical expertise to evaluate the work completed by the Fish and Wildlife Service and how it would affect the duration of seasonal flooding.  The Lhotkas are neither engineers nor hydrologists. Therefore, for purposes of summary judgment, the district court could not legally determine that the Lhotkas knew, or should have known, about an injury in October 1992.

Turning to the second element, namely causation, we also conclude that the Lhotkas could not have known what caused the injury until the injury itself was known or knowable.  We believe that there is a strong possibility that if the Lhotkas had brought suit immediately after the work was completed, as the Fish and Wildlife Service contends they should have done, the trial court would have then dismissed the action for failure to state a claim: at that time, both the fact of injury and its cause were simply too speculative for a court to provide any remedy.

Thus, viewing the facts in the light most favorable to the Lhotkas, we find that the district court could not determine that on October 14, 1992, the Lhotkas knew, or should have known, that an injury caused by the Fish and Wildlife Service existed.  The Lhotkas' lack of expertise to assess latent conditions on the land, combined with the lack of rainfall until the following year, prevent the district court from granting summary judgment.  Rather, this is a material issue of fact that is subject to dispute.  Therefore, the case is not appropriate for summary judgment on this issue.

Accordingly, we remand this case to the district court and instruct it to determine when the claims accrued.

**IV.**

The district court also granted summary judgment because it found that the Lhotkas had failed to state a prima facie case of trespass and nuisance. In so doing, it reasoned that both trespass and nuisance require that the entry on, or invasion of, the land of another be wrongful. Tr. Oral Arg., June 21, 1996, at 18 (citing Garvis v. Employers Mutual Casualty Co., 497 N.W.2d 254, 259 (Minn. 1993); Randall v. Village of Excelsior, 103 N.W.2d 131, 134 (Minn. 1960)). Here, because the Fish and Wildlife Service entered pursuant to a court order and an easement, the district court concluded that its entry could not be wrongful, hence the Lhotkas had failed to articulate a prima facie case of either tort.

We find that the district court construed the Lhotkas claims too narrowly; trespass and nuisance encompass more than simply wrongful entry. Trespass extends to any unlawful interference with one's person, property, or rights. Garvis, 497 N.W.2d at 259. Likewise, a claim of nuisance can include any infringement of a legal right or interest, embracing not only an invasion of property, but also an invasion of personal rights and privileges. Excelsior, 103 N.W.2d at 134. Hence, when the district court focused solely on whether the Fish and Wildlife Service's entry was lawful, it ignored the Lhotkas' argument that the excess surface water constituted trespass and nuisance.

Significantly, under Minnesota law, the unwanted presence of water on a plaintiff's property resulting from a defendant's actions constitutes a nuisance under Minn. Stat. § 561.01. Highview North Apartments v. County of Ramsey, 323 N.W.2d 65, 71 (Minn. 1982) (defendant's use of water on his own land may form the basis of

-6-

a nuisance claim if it interferes with plaintiff's use of his property). Likewise, the Minnesota courts have also viewed the direct intrusion of surface water onto a plaintiff's land as a trespass action cognizable under Minnesota state law. Id. at 72 (citing Pell v. Nelson, 201 N.W.2d 136 (Minn. 1972)) (defendant's construction of a dike that unreasonably interfered with flow of surface waters across plaintiff's land constituted a trespass); Will v. Boler, 4 N.W.2d 345 (Minn. 1942) (erecting a dam that deprives plaintiff's property of drainage is unreasonable and constitutes a tort ).

Therefore, when viewed in this light, the Lhotkas have stated a prima facie case of trespass and nuisance. Thus, we find that the district court erred when it held that there was neither trespass or nuisance as a matter of law. We, therefore, instruct the district court to determine whether the impounded water constitutes a trespass or nuisance if it determines that the Lhotkas' claims are not time-barred.

**V.**

Accordingly, the judgment of the district court is reversed and remanded. We instruct the district court to determine when the Lhotkas' claims accrued, and whether they are time-barred. Should it determine that the Lhotkas' claims are not time-barred, the district court is further instructed to reach the merits of their trespass and nuisance claims.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.